## BOON v. MAYOR & COUNCIL OF JACKSON.

1. A municipality incorporated under " the name and style of The Town of Jackson," " with power in and by said corporate name to contract and be contracted with, sue and be sued, plead and be impleaded," cannot be properly sued under the name of " The Mayor and Council of the Town of Jackson"; and accordingly, a declaration describing the defendant in the words last quoted, though it may have been designed as an action against this municipality, was rightly dismissed on demurrer.

2. Where an amendment to a declaration was offered and rejected, it cannot be brought to this court as a part of the record of the case. In assigning error upon a refusal to allow such amendment, a copy of the same should be set forth, or its substance stated, in the bill of exceptions.

May 23, 1896. By two Justices. Argued at the last term.

Action for damages. Before Judge Hardeman. Butts superior court. February term, 1895.

*Y. A. Wright* and *Hall & Boynton*, for plaintiff.
*W. W. Anderson* and *R. L. Berner*, for defendant.

LUMPKIN, Justice.

1. An action for damages brought by Boon against "The Mayor and Council of the Town of Jackson" resulted in a verdict in his favor, which was afterwards set aside by this court. 93 *Ga.* 662. At the next trial, the case took an entirely new turn. A motion was then made to dismiss the action on the ground that it was brought as above stated, when it should have been brought against "The Town of Jackson," that being the corporate name of the munici-

pality intended to be sued. We find, upon looking at the charter, that in point of fact the words last quoted embrace the correct designation under which the town was incorporated. This being so, was the declaration bad because brought against "The Mayor and Council of the Town of Jackson"? We do not like "to stick in the bark" or enforce mere technical rules in the administration of the law; and were we permitted to decide the question now presented, entirely unembarrassed by any previous adjudications of this court, we would be gravely inclined to hold that this declaration, if not good upon its face, could be made so by amendment. In certain cases, however, closely resembling the present, this court by its rulings has, we think, decided the principle which we are now undertaking to follow. These decisions were made with reference to that provision of our present constitution which declares that "all suits by or against a county shall be in the name thereof." In *Bennett et ux.* v. *Walker et al., commissioners*, 64 *Ga.* 326, it was held that in an action for land brought by the county commissioners, who sued officially in their own names, there could be no recovery in behalf of the county. Following this case, it was again held, in *Arnett* v. *The Commissioners of Decatur County*, 75 *Ga.* 782, that an action against the board of county commissioners of that county, naming them, was not a good action against the county, and could not be amended by making the county a party. Both of these cases were adhered to in *Hunnicutt et al., commissioners*, v. *Stone*, 85 *Ga.* 435. If actions against the county commissioners, who were the official representatives of the county, and who were sued in that capacity, could not be held as actions against the county, it seems to follow inevitably that an action against "The Mayor and Council of the Town of Jackson" cannot be maintained as a valid suit against the municipality itself, the corporate name of which is "The Town of Jackson," and the charter of which expressly provides that it shall

have "power in and by said corporate name to   .   .   sue and be sued, plead and be impleaded."

2. But even if the declaration could have been amended so as to make it an action against the town of Jackson, the plaintiff in error has not properly brought to this court for review an alleged refusal of the trial court to allow just such an amendment. The bill of exceptions states that the court erred "in refusing to allow the amendment offered by the plaintiff to his writ before the said case was dismissed." It does not inform us what this amendment contained, but undertakes to bring it to this court by specifying as a part of the record to be sent up "the application to amend the writ by plaintiff, and the order refusing said amendment." The rejected amendment was no part of the record; and in assigning error upon a refusal to allow it to be made, a copy of the same should have been set forth, or at least its substance stated, in the bill of exceptions, or attached thereto as an exhibit properly authenticated. We cite two cases precisely in point upon this question of practice: *Sibley* v. *Mutual Ass'n*, 87 *Ga.* 738, and *Barnett* v. *E. T., V. & G. Ry. Co.*, *Ibid.* 767.

*Judgment affirmed.*