### 2878.  THRASHER *v.* TOWN OF CENTER.

The judgment dismissing the certiorari was erroneous.

DECIDED OCTOBER 14, 1910.

Certiorari; from Jackson superior court—Judge Brand. July 12, 1910.

*W. W. Stark,* for plaintiff in error.

*Ray & Ray,* contra.

HILL, C. J.  Thrasher was tried by the mayor of the Town of Center, upon a verbal charge of "interfering with a convict or prisoner." He was convicted, and thereupon appealed to the council of the town, where his appeal was dismissed on the ground that there was no ordinance of the town authorizing an appeal from the finding of the mayor to the town council. Thrasher thereupon presented to the judge of the superior court a petition for a writ of certiorari, and the writ was sanctioned. When the

certiorari was called for trial it was dismissed by the judge of the superior court, on the ground that the petition for certiorari prayed that the writ be directed to "C. C. Chandler, mayor of the Town of Center," and that in accordance with this prayer the clerk of the court had issued the writ and directed it to "C. C. Chandler, mayor of the Town of Center;" it being insisted that the writ should have been prayed against the Town of Center and directed to the Town of Center, as, under the acts of the General Assembly of 1906 (Acts 1906, p. 621), the corporate name by which the Town of Center could sue and be sued was declared to be the "Town of Center."

We think the judge of the superior court erred in dismissing the certiorari. Section 4637 of the Civil Code of 1895 provides, in reference to petitions for certiorari which are sanctioned by the judge of the superior court, that they shall be filed in the office of the clerk of the superior court, and that "it shall be the duty of such clerk to issue a writ of certiorari, directed to the justice of the peace of the district where the decision complained of was made, or other *tribunal* or *person* whose decision or judgment is the subject-matter of complaint, requiring such justice of the peace, or other tribunal or person, to certify and send up all the proceedings in said case to the superior court, as directed in said writ of certiorari." The petition for certiorari in this case was brought against the Town of Center by name, it being alleged in the petition that the controversy or cause was one "wherein the Town of Center was plaintiff" and the petitioner for certiorari was defendant, and the case was duly entitled as one wherein Thrasher was plaintiff and the Town of Center was defendant, and it was so entered on the certiorari docket of the superior court. It is true, the prayer of the petition was that the writ should be directed to the mayor of the Town of Center, and the clerk so issued and directed the writ. The mayor answered the writ; his answer was traversed; this traverse was tried in the case entitled "Thrasher *v.* Town of Center," and the traverse was sustained. The learned judge of the superior court bases his judgment dismissing the certiorari on the cases of *Boon* v. *Mayor &c. of Jackson,* 98 *Ga.* 490 (25 S. E. 518), *Town of Dexter* v. *Gay,* 115 *Ga.* 765 (42 S. E. 94), and *Augusta Southern Railway Co.* v. *City of Tennille,* 119 *Ga.* 804 (47 S. E. 179). All of these cases hold,

in effect, that where the charter of a town specifies the name of the corporation, in which name it shall sue and be sued, suits are not properly brought except as against the corporation by that name, and are not properly brought against the mayor and council of the corporation. But we think these decisions are not controlling as to the point now under consideration. Here the petition for certiorari was brought by name against the Town of Center. In other words, the Town of Center, in so far as the petition for certiorari may be denominated a suit, was sued in its corporate name. It is true that the prayer was that the writ should be directed to the mayor of the town, and it was so issued and directed by the clerk. Surely this would not make the petition for certiorari, which was brought against the Town of Center by name, illegal; and the fact that it was asked that the writ be directed to the mayor, who is the head of the town against which the petition was brought, is not at all material. The mayor, as the head of the corporation and as the magistrate whose judgment it was sought to review, should be called upon to answer the petition for certiorari. It seems to us that it would be an extreme technicality thus to prevent the merits of the certiorari from being heard. In our opinion the judge erred in dismissing the certiorari on the ground stated, or for any other ground apparent from the record.

We have looked into the merits of the case as shown by the allegations of the petition for certiorari and by the answer of the magistrate whose judgment it is sought to have reviewed. We are clear that the certiorari should have been sustained on the merits. It is manifest that the plaintiff in certiorari had violated no ordinance of the Town of Center, and that his conviction by the mayor was entirely unwarranted by the evidence. This evidence, in brief, shows that the brother-in-law of the plaintiff in certiorari had been convicted of a violation of some town ordinance, and had been sentenced to work a certain number of days on the streets of the town, but that instead of working him on the streets, the marshal of the town had put him to work in his cotton patch, under an agreement with him that he, the marshal, for such work, would pay the fine imposed by the mayor; and while he was at work in the cotton patch the plaintiff in certiorari went to see him and had a conversation with him. The evidence is silent as to the subject of this conversation. It is claimed that the result of

the conversation was that the brother-in-law ceased to work in the marshal's cotton patch. This is all the evidence showing that the plaintiff in certiorari had interfered with the convict or prisoner. We think the ends of justice require that the certiorari should be sustained, and that the judge of the superior court should direct that the plaintiff in certiorari be released from custody.

*Judgment reversed.*