1. A sewer laid in a public road in compliance with an agreement in a sales contract becomes a part of the realty in the absence of express or implied terms in the contract to indicate otherwise, and after fulfilling the terms of the contract there is no further obligation on the part of the builder.
2. The plaintiff, failing to show that he had property abutting the road where the sewer was laid, was not entitled to equitable relief, since equity will not grant relief to one who has neither title nor possession.
3. In view of the foregoing, it is unnecessary to rule on other questions raised in the bill of exceptions.
 No. 16418. NOVEMBER 17, 1948.
This is the second appearance of this case in the Supreme Court. When it was here before, in Adams v. City of Macon,204 Ga. 1 (48 S.E.2d 829), it was held that there is no provision of law for reviewing by writ of error an interlocutory order merely vacating or dissolving a temporary restraining order, and the court did not go into the merits of the case.
E. M. Adams Sr. sought an injunction against the City of Macon, Members of the Board of Water Commissioners, and R. A. Bowen, a contractor, to restrain the defendants from tapping or making connection with a sewer constructed in Marjorie Place, a street in a subdivision outside of the corporate limits of the City of Macon, Georgia, alleging that he was the owner of said sewer, and that connections should not be made without first having paid him adequate compensation therefor. The defendants answered, and the plaintiff amended his original petition several times, the defendants also amending their answer. The case was heard by the judge without a jury, and both oral and documentary evidence was offered at said hearing in behalf of the plaintiff and the defendants. The trial judge rendered a final decree denying the injunction prayed, but superseding the decree pending final determination by this court. The plaintiff excepted and assigned error on the judgment upon the following grounds: "1. Because the same is contrary to law. 2. Because the same is contrary to the principles of justice and equity. 3. Because said defendants had no authority without the consent of the plaintiff, and without offering to pay him for said sewer, or its construction, to make connections with plaintiff's private sewer, thus taking his property without paying him therefor. 4. Because the action of said defendants, sought to be enjoined, was in violation of the fifth and fourteenth amendments of the Constitution of the United States, and of article I, section I, paragraph III, and article I, section III, paragraph I of the Constitution of Georgia, which provide that no person shall be deprived of his property without due process of law, and that private property shall not be taken for public use without just compensation, for that plaintiff's interest in said sewer is a property right, and its use by defendants in the manner proposed by them without paying plaintiff anything therefor is a taking of his property without compensation and without due process of law." *Page 526 
Evidence introduced at the hearing of the case showed that the plaintiff in error acquired several lots from The Ingleside Development Company on May 1, 1939. This company entered into a contract in 1921 with the City of Macon, for a valuable consideration, whereby the company would have the right and privilege to connect the sanitary sewerage system of Ingleside with the sanitary trunk sewer line belonging to the City of Macon. Under an act of 1927, the Board of Water Commissioners of the City of Macon was authorized to furnish sewer service to persons residing beyond the corporate limits of the city. Pursuant to said authority, the board has acquiesced in said contract with The Ingleside Development Company whereby each person served by the Ingleside sewer system, which was connected to the city trunk line, was to pay $10 per annum to the board for each house as a rental privilege for said connection. In March, 1939, The Ingleside Development Company, owner in fee simple of the land on which was laid out Marjorie Place, a road in Ingleside Subdivision, and owner in fee simple of all the land abutting said road, had the County Commissioners of Bibb County, Georgia, register said Marjorie Place as a public road of the county; and the county has continually, without interruption, maintained and worked the same as a public road of the county.
On March 4, 1946, the plaintiff in error entered into a sales contract with a Mr. Putzel, whereby the plaintiff agreed to sell Putzel 1 1/2 lots on Marjorie Place and as a part of the consideration the seller was to run a sewer line from the sewer on Vista Circle up Marjorie Place to the front of the property within 90 days from the date of the contract. At the time the plaintiff entered into the sales contract with Putzel, the plaintiff owned other property on Marjorie Place. On March 11, 1946, he conveyed to Putzel, by warranty deed, the property described in the sales contract; and on April 11, 1946, the plaintiff disposed of the other property on Marjorie Place belonging to him. In warranty deeds whereby he acquired title and conveyed title to said lots there was a covenant running with the land, which stipulated: "This tract of land is sold upon the further consideration that the following covenants shall run with the land: . . (7) When a sewer line is laid in any street on which this property abuts, it shall be incumbent upon the second party to establish connection *Page 527 
with said sewer system without delay, and thereafter to make use of the same to the exclusion of all latrines, cesspools, or septic tanks."
According to the record, the plaintiff in error anticipated that the cost of the sewerage line would be between $100 and $200 at the time the sales contract was entered into between the plaintiff and Putzel, whereas, in reality, the sewerage line cost the plaintiff approximately $1400. The sewerage line was actually laid some time in June, 1946, and at that time the plaintiff in error had no right, title, or interest in and to the road known as Marjorie Place, nor any land abutting the same, according to the plaintiff's own testimony. In October, 1946, Putzel sold the property on Marjorie Place, acquired from the plaintiff, to T. L. Minter.
Residents on Marjorie Place, some being successors in title to Adams, in 1947 requested the Board of Water Commissioners to extend the then-existing sewer on Marjorie Place, which had been constructed by Adams, up Marjorie Place for several hundred feet, so that said residents could be served by the sewer. The board agreed to do this after the residents on Marjorie Place had made the required deposit (approximately $800) to cover the estimated cost of the extension of the sewer. Acting for such residents, the Board of Water Commissioners authorized a contractor to go ahead and extend the sewer from the end of the line constructed by Adams up Marjorie Place in a northerly direction for several hundred feet. At this time, T. L. Minter and other residents of Marjorie Place, mentioned above, entered into a contract with the Board of Water Commissioners whereby they, for and in consideration of the board's agreeing to take over, maintain, and operate the sanitary sewer system (mains) of Ingleside, each agreed to pay $10 annually when such sewer system is utilized.
1. When Adams laid the sewer in compliance with the agreement in the sales contract, the sewer line immediately became a part of the realty, since there were no express or implied terms in the contract to indicate otherwise; and Adams having complied with *Page 528 
the terms of the contract, there is no further obligation on his part. Wright v. DuBignon, 114 Ga. 765 (40 S.E. 747, 57 L.R.A. 669); Wofford Oil Co. v. Weems-Fuller Co., 166 Ga. 173,175 (142 S.E. 887).
2. Adams, having no property abutting Marjorie Place, the road where the sewer was laid, was not entitled to equitable relief. The courts have repeatedly held that equity will not grant relief to one who has neither title to nor possession of the subject-matter. Harrell v. Hannum, 56 Ga. 508, 509;Flannery Co. v. Hightower, 97 Ga. 592 (25 S.E. 371;Lanier, Hamilton Co. v. Hebard, 123 Ga. 626 (4) (51 S.E. 632); Lambert v. Shelfer, 139 Ga. 734 (78 S.E. 113);Mayor Council of Forsyth v. Hooks, 182 Ga. 78
(184 S.E. 724).
3. In view of the foregoing, it becomes unnecessary to rule on the other questions raised in the bill of exceptions, as well as the constitutional grounds, since the plaintiff has no property right in the subject-matter; therefore no constitutional question could be involved.
Judgment affirmed. All the Justices concur.