38634. CITY COUNCIL OF AUGUSTA v. THORP.

Decided April 4, 1961.

434

*Fulcher, Fulcher, Hagler & Harper, E. D. Fulcher, Wm. C. Reed,* for plaintiff in error.

*Isaac S. Peebles, Jr., Jay M. Sawilowsky,* contra.

JORDAN, Judge. ■ "A general grant of power to grade streets and to establish in connection therewith a system of drainage does not carry with it any right on the part of the municipality to create and maintain a nuisance by causing surface-water to be discharged upon the premises of a private citizen; and he may, when such a thing has been done, maintain against the city an action to recover the damages sustained in consequence thereof." *Bass Canning Co. v. MacDougald Construction Co.,* 174 Ga. 222 (1) (162 S. E. 687). See *City of Macon v. Roy,*

34 Ga. App. 603 (130 S. E. 700) ; *Cannon v. City of Macon,* 81 Ga. App. 310 (58 S. E. 2d 563). Under the principles of law enunciated in the above-cited cases the instant petition clearly stated a cause of action against the defendant city council for damages which resulted from the creation and maintenance of the alleged nuisance by said defendant and its joint tortfeasors (the other defendants in this case). The mere fact that the allegations of the petition disclose that the actual construction of the streets and drainage system in question was done by the other defendants in this case, who were the developers of the subdivision, does not defeat the cause of action against the city council since it is alleged that the city council drew up the plans for the said street construction, contracted with the developers to construct these streets in accordance with these plans, and then approved the work after it was done as being in accordance with said plans. There is no material difference or distinguishing feature between the allegations of the instant petition and of the petition in the *Bass Canning Co.* case, supra, wherein it was alleged that the actual construction had been performed by a private contractor under contract with the city. In the instant case the city was a party to the contract with the developers, under which the developers were responsible for the necessary construction according to plans and specifications of the city. As to counts 2 and 3 of the petition, see also: *City of Macon v. Macon Paper Co.,* 35 Ga. App. 120 (1) (132 S. E. 136) ; *Langley v. City Council of Augusta,* 118 Ga. 590, 598 (45 S. E. 486, 98 Am. St. Rep. 133) ; *Mayor &c. of Savannah v. Spears,* 66 Ga. 304; *City of Atlanta v. Holcomb,* 20 Ga. App. 601 (93 S. E. 259).

A cause of action was stated in each of the three counts of the petition, and the trial court did not err in overruling the demurrers thereto.

■ Instructions inapplicable to the pleadings and the evidence should not be given to the jury. "However, 'to justify a charge on a given subject, it is not necessary there should be direct evidence going to that point; it is enough if there be something from which a legitimate process of reasoning can be carried on in respect to it.' *Holland v. Long,* 57 Ga. 41 (3) ; *King v. State,* 77 Ga. App. 539, 540 (49 S. E. 2d 196)." *Pope v. As-*

*sociated Cab Co.,* 90 Ga. App. 560, 561 (83 S. E. 2d 310); *Carroll v. Hayes,* 98 Ga. App. 450, 455 (105 S. E. 2d 755). The special grounds of the amended motion for a new trial, which assigned error on two excerpts from the charge of the court as being unauthorized by the pleadings and evidence in this case, are without merit.

■ The evidence adduced on the trial of the case authorized the finding that the flooding of and damage to the plaintiff's property was occasioned by and resulted from the acts of the defendant alleged in the plaintiff's petition, and that the same did constitute a continuing nuisance. Accordingly, the general grounds of the motion for a new trial are without merit.

The trial court did not err in denying the amended motion of the defendant City Council of Augusta for a new trial.

*Judgment affirmed. Townsend, P. J., Carlisle and Frankum, JJ., concur.*