## 21698. CITY OF DUBLIN v. HOBBS.

DUCKWORTH, Chief Justice. This is an action for injunctive relief brought by a taxpayer against the City of Dublin, praying for the abatement of a public nuisance, which allegedly is specially injurious to the petitioner, the same being a continuing trespass and nuisance across the property of the petitioner, resulting from the overflow of a drainage ditch which is a part of the storm sewer system of said city and which has eroded her property, thereby damaging it and continuing to damage it and also damaging petitioner and her property by dumping water, garbage, sewage both sanitary and otherwise, decomposed matter, dead animals and other refuse on her property, the smells from same permeating the air with strong, obnoxious, putrid and rotten and nauseous odors, and creating a breeding place for mosquitoes, thereby creating a nuisance injurious to the petitioner and others and causing the dwelling of the petitioner to be uninhabitable and greatly reducing the rental value thereof. The answer of the city denied, in the main, the allegations of the petition and claimed said alleged ditch was the natural flow of a branch through her property, for which the city was not liable. After a trial of the issues as thus made by the pleadings, the jury found in favor of the plaintiff, to abate the nuisance,

and for attorney's fees as prayed in the petition; and judgment was entered thereon accordingly. Thereafter, within the time allowed by law, the defendant filed a motion for new trial, which was later amended to add special grounds, and a motion for judgment notwithstanding the verdict in accordance with its previous motion for directed verdict. After a hearing thereon, both motions were overruled, and the exceptions are to these final judgments. *Held:*

1. Special grounds 1 and 5 of the amended motion for new trial, not having been argued orally or by brief, are deemed to have been waived and will not be considered further.

2. The evidence as to the issues in the case being in conflict, the court did not err in overruling the motion for judgment notwithstanding the verdict; nor is there any merit in the general grounds of the motion for new trial.

3. The court did not err in refusing to charge, as requested, on *Code* § 69-302 that the city may not be held liable for exercising its discretion in failing to perform certain discretionary acts. While maintaining a drainage system may be a discretionary act of a municipality, yet the city having allegedly maintained a nuisance specially injurious to others, and there being evidence to prove same, the requested charge is not relevant and material to the issues thus involved; and the special ground complaining of a failure to thus charge is without merit.

4. Special grounds 2, 3 and 4, all dealing with complaints that the charge as given was erroneous in that it excluded from consideration of the jury the issue of whether or not the plaintiff had been specially injured, thereby authorizing the jury to find for the plaintiff merely if the city had created a nuisance by its use of the ditch across petitioner's property, are all completely without merit since the court clearly charged that (1) the plaintiff must satisfy the jury that she "suffered directly and proximately injury as a result of the defendant maintaining the alleged drainage ditch as a public nuisance," (2) *Code* § 72-202 provides that "a public nuisance may be abated on the application of any citizen specially injured," (3) if the jury found there was a drainage ditch, which was a part of the drainage system of the City of Dublin, was operated in the manner alleged and "was a cause of a nuisance which directly, naturally, and proxi-

mately injured the plaintiff, the plaintiff would be entitled to recover," and (4) if the jury found the area described had been used by the city as a part of its drainage system, and in so doing had created a public nuisance affecting "the plaintiff and others, as alleged in the petition [which had been previously read to them], then it would be your duty to find for the plaintiff." The charge is not subject to the criticisms made by these grounds.

5. One of the issues in the case being that the city showed bad faith in failing to abate the nuisance, thereafter maintaining a continuing nuisance and trespass, specially injurious to the petitioner, after a request to cease and desist, and the plaintiff having prayed for attorney's fees, the charge thereon that every intentional tort invokes the species of bad faith that entitles a person wronged to recover the expenses of litigation involving attorney's fees is not subject to the complaint that there were no allegations or evidence of an intentional tort by the city. For this reason the special ground complaining of this charge is without merit.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 12, 1962—DECIDED JUNE 25, 1962.

*Joseph H. Briley,* for plaintiff in error.
*Jones & Douglas,* contra.