28164. DE KALB COUNTY et al. v. McFARLAND.

SUBMITTED AUGUST 10, 1973 — DECIDED JANUARY 28, 1974 —
REHEARING DENIED FEBRUARY, 6, 1974.

*George P. Dillard,* for appellants.
*Peek, Whaley & Haldi, Glenville Haldi, William E. Zachary,* for appellee.

GRICE, Presiding Justice. This appeal is by a county from a judgment against it in favor of a property owner for the flooding of his property.

The appeal resulted from a suit filed in the Superior Court of DeKalb County by Martin McFarland against that county, its commissioners, the City of Decatur and its commissioners. During the trial the City of Decatur and its commissioners were eliminated from the suit. The jury returned a verdict in favor of the plaintiff for $1,000 special damages, $4,000 attorney fees, and injunctive relief to be referred to hereinafter.

Enumerated as error are the verdict, judgment and overruling of the amended motion for new trial filed by DeKalb County.

For prior appearances see *DeKalb County v. McFarland,* 223 Ga. 196 (154 SE2d 203); *McFarland v. DeKalb County,* 224 Ga. 618 (163 SE2d 827); and *DeKalb County v. McFarland,* 226 Ga. 321 (175 SE2d 20).

The allegations of the complaint involved in this appeal are those

recited in *DeKalb County v. McFarland,* 223 Ga. 196, supra, except for subsequent amendments. Therefore it is not necessary to recount the allegations of the complaint.

The essential allegations of the complaint were denied by the county defendants. They claimed that they had acquired the right to discharge the water by dedication, that the plaintiff was guilty of laches, and they asserted other contentions which need not be set forth here.

The verdict as finally rendered and the judgment in material part are as follows: "We the jury find on Count No. 1 for the plaintiff and against the defendant in the amount of $1,000 for specific damages. We further find on Count No. 1 for the plaintiff in the amount of $4,000 for attorney fees. We further find that on Count No. 1 the defendant has created a continuing nuisance in causing surface and waste waters to flow onto the plaintiff's property through the spillway and stormdrain on Midway Road. We request that an injunction be issued against the defendant to eliminate said nuisance and to take whatever action necessary to divert the water from the plaintiff's property. We find on Count No. 2 for the plaintiff. We further find that on Count No. 2 the defendant has created a continuing nuisance in not maintaining the culvert at Midway Road and Shoal Creek. We request that an injunction be issued against the defendant to eliminate said nuisance by taking whatever action necessary to maintain the culvert and prevent it from becoming blocked."

The following judgment was rendered: "The above styled case having regularly come on for a trial by jury, and the jury having returned a verdict for the plaintiff, it is hereby ordered, adjudged, and decreed as follows: "(a) The plaintiff shall have and recover judgment against the defendant, DeKalb County, in the principal sum of one thousand ($1,000) dollars general and special damages; (b) The plaintiff shall have and recover judgment against the defendant, DeKalb County, in the principal sum of four thousand ($4,000) dollars attorney fees; (c) The defendant, DeKalb County, is permanently enjoined from diverting any surface water from Midway Road onto the property of the plaintiff commonly known as 184 Midway Road; (d) The defendant, DeKalb County, is permanently enjoined from allowing water flowing in Shoal Creek to be backed up onto the property of the plaintiff commonly known as 184 Midway Road by the culvert running under Midway Road . . ."

We deal first with the enumeration of error complaining of

the overruling of general grounds 1, 2 and 3 of the County's motion for new trial.

(a) While the evidence was conflicting in some particulars it amply supported the allegations of the complaint as to the flooding of the plaintiff's property. There was evidence as to the water's location, quantity, frequency, velocity and its results. This evidence was sufficient to prove the plaintiff's case as alleged in *DeKalb County v. McFarland,* 223 Ga. 196, supra.

Even if the County had previously acquired the right of dedication to discharge surface water upon the property of the plaintiff's predecessor in title, it does not now have the right to increase such water to the destruction of the plaintiff's property. Cf. *McFarland v. DeKalb County,* 224 Ga. 618, supra. Here there was evidence of such increase.

The evidence authorized the recovery of specific damages and injunctive relief.

(b) Also we conclude that the evidence supported the verdict and judgment as to attorney fees. Here one of the issues was whether the County showed bad faith in failing to abate the nuisance, thereafter maintaining a continuing nuisance and trespass especially injurious to the plaintiff, after requests to cease and desist. Every intentional tort invokes a species of bad faith that entitles a person wronged to recover the expenses of litigation including attorney fees.

In our view this feature of the appeal is controlled by *City of Dublin v. Hobbs,* 218 Ga. 108 (5) (126 SE2d 655).

■ We next consider the issues made by special grounds 4 through 53 of the County's amended motion for new trial.

(a) Special ground 4 contends that the trial court erred in admitting a map into evidence over the objections that it had not been proved as accurate, by showing that it was prepared by an engineer with knowledge of the facts and that it portrays the area it purports to show.

Admission of this document is not cause for reversal.

It purports to show that it is a map of the City of Decatur. Its accuracy was not disputed at any stage of the trial. Its admission could not have harmed the County.

(b) Special grounds 5, 6, 7 and 8 relate to testimony of the head of a real estate company as to value of the plaintiff's property. This witness had inspected the property the previous day. The court, over the County's objection, permitted the plaintiff's counsel to ask the witness if he had an opinion as to the rental value of the

property if there was no water damage. The witness replied affirmatively and provided a specific range of rental values. Also, this witness was asked if he had an opinion as to whether an F. H. A. loan could be obtained on this property and over objection he answered in the negative. The witness was further asked if he had formed an opinion as to the value of the property on that date and the County objected. Whereupon the witness said that he had, and gave a specific figure which he stated was the value without the water problem.

The County's objections to these questions and motion to strike this testimony were overruled. It asserts error thereupon, contending that the questions propounded were based upon hypothetical situations not supported by evidence and that a proper foundation had not been laid or facts shown upon which the opinion of the expert witness was based.

In our view, none of these questions and answers is subject to the criticism lodged against them. This was opinion evidence which was proper for a determination of depreciation in value in awarding damages and the trial court so charged. Code §§ 38-1708, 38-1709, 38-1710; *Swift v. Broyles,* 115 Ga. 885 (2) (42 SE 277, 58 LRA 390).

(c) Special ground 9 relates to the County's question to this witness on cross examination relating to whether such damage would have existed then if the creek had flooded when a named witness was a boy. This was not an abridgement of the right of cross examination. The question was argumentative and therefore correctly prohibited.

(d) Special grounds 10, 11 and 12 concern the plaintiff being asked upon direct examination to "describe Midway Road," and instead reading a notice to produce served upon the County and making comments relating to the alleged failure to produce, all in the presence of the jury. The County insists that this was error and that its motion for mistrial should have been granted. We do not believe that what occurred here required a mistrial. The court properly instructed the jury on what had occurred and admonished the plaintiff as to his duties as a witness.

(e) Special ground 13 asserts error in that during the direct examination of the plaintiff he was asked whether he had owned the property continuously since 1966. Objection was made that the original deed would be the highest and best evidence of what was owned, which objection was overruled. This objection was not valid. An original deed is not necessarily the highest and best evidence

of this. This feature was not an issue in the trial. Even so, the denial here is no cause for reversal.

(f) Special grounds 14, 15, 16 and 17 deal with questions and answers in testimony as to damage and repairs to the property of the plaintiff. Whether these matters were related to any act or omission of the County was for the jury to determine. There was ample evidence that they were so related, and therefore no harm resulted from the allowance of the questions and answers so as to require a reversal.

(g) Special ground 18 urges that during the direct examination of the plaintiff he was asked the question: "Do you have an opinion as to whether or not the flow of water to your property has increased during the time that you have owned this property?"; that he answered, "I do"; that objection was made that the proper ground work had not been laid to qualify him as an expert witness; that this objection was overruled; and that the witness testified, "It has substantially increased in flow."

No error was committed here. This witness had previously testified fully as to the flooding of his property and therefore was knowledgeable of the facts required for providing a correct answer. The question did not require expert testimony. Any lay witness, possessed of the facts, could answer it. For example, the proprietor of a business located on a highway could, out of his own experience there, give his opinion as to whether there had been an increase in traffic on the highway during that period of time.

(h) Special ground 19 avers that the court erred in several particulars as to the introduction in evidence of certain photographs. No abuse of discretion as to the authentication of these documents appears. See Green, Georgia Law of Evidence, 202, § 86, in this connection. Whether they are illustrative of any act or omission of the County is an issue for the jury to determine. We find no error regarding the introduction of these documents for any reason assigned.

(i) Special ground 20 alleges in essence that the court erred in denying the County's motion for mistrial when the plaintiff made a motion in the presence of the jury that it be permitted to view the premises. What occurred is no cause for reversal.

(j) Special grounds 21, 22, 23, 24 and 25 pertain to the testimony of an expert witness. These primarily contend that he gave conclusions and not facts relating to the property in question; and that therefore the County's motion for mistrial and objections should not have been overruled. We cannot agree. This witness was

a civil engineer, with particular interest in hydrology. The views he expressed were based not only upon the facts of the situation involved here but also general principles of hydrology relating thereto.

(k) Special ground 26 maintains in part that two checks were erroneously admitted in evidence. However, one of these was later voluntarily withdrawn. No abuse of discretion as to identification of the one remaining is shown and its admission is not error for any other reason assigned.

(l) Special grounds 26, 27, 28, 29, 30, 31, 32 and 33 involve testimony of a land developer and builder.

The court properly overruled the County's objection that he was not qualified to give an opinion as to what remedial steps should be taken regarding this property. This witness related his experience in this field, and no abuse of discretion is manifest.

His testimony with regard to suggested action and the costs was not subject to any of the objections made by the County. Whether it had done anything to cause or necessitate such repairs were questions for the jury. Likewise, whether the suggested action was not possible because some of it would involve rights as to other private property was for jury determination.

(m) Special ground 34 involves the testimony of the plaintiff, that "I have invited [the county attorney] out several times." Whereupon an objection, motion to strike the testimony and motion for mistrial were made, upon the grounds that the plaintiff, an attorney, was familiar with the fact that the county attorney had nothing to do with the administrative affairs of the county. These were overruled.

No error was committed as to this. One of the issues in the case was whether the County was maintaining a continuing nuisance after requests to cease and desist. It cannot be successfully maintained that this testimony, as to a request to view the situation, had no relevancy.

(n) Special ground 35 complains that the plaintiff was permitted to testify as to the value of legal services over the objections that no measure of damages had been laid or basis shown for recovery of attorney fees. This ground is controlled adversely to the County by the ruling hereinbefore made in Division 1 (b).

(o) Special ground 36 takes the position that the court erred in denying the County a thorough and sifting cross examination of the plaintiff as to the dispute between him and the tax assessors over the value of the property in question, particularly where in

direct examination he had endeavored to prove its value.

During the cross examination of the plaintiff he was asked what value he had put on the property in his county tax return and what contact he had with the tax assessors. He made the objection that what he had done with reference to this tax return was inadmissible. Whereupon the County stated that "We would expect to show that he disputed the valuation put on it by the tax assessors and that this is a declaration against his interest and it's admissible."

The County relies upon such cases as *Seagraves v. Seagraves,* 193 Ga. 280, 281 (18 SE2d 460), wherein this court said: "The books of the receiver of tax returns are admissible for the purpose of showing the amount and value of the property admitted by the defendant to be his, in a case where the financial worth of the defendant may properly have a bearing on the amount of the verdict which may be rendered against him. [Cit.]" That case is not in point here.

No right of the county was violated.

(p) Special ground 37 complains in substance of the sustaining of the plaintiff's objection to the testimony of a witness for the County to the effect that at the present time flood insurance is available for this type of property. This objection was properly sustained. Whether or not insurance is available is irrelevant to the issues in this case.

(q) Special ground 38 avers that the court sustained an objection of the plaintiff to the following question of a County witness upon the ground that it was leading. The question was, "Now if the water from that side of the road or in that area had not been put in the pipe under the road, would it have found its way into Shoal Creek without going across the property of Mr. McFarland in normal rainfall?"

Certainly no cause for reversal resulted from this ruling.

(r) Special ground 39 insists that the court erroneously gave 16 specific requests to charge of the plaintiff over the objections of the County. No error occurred in this respect. Many of these charges involved legal principles which had become the law of the case in the previous appearances before this court in *DeKalb County v. McFarland,* 223 Ga. 196, supra, and *McFarland v. DeKalb County,* 224 Ga. 618, supra.

(s) Special ground 40 asserts that the court erred in refusing to give six designated requests to charge of the County. We find no error here. Actually one of these, relating to dedication, was given

verbatim. Each of these requests either involved matters already covered in the charge, or was argumentative or was not adjusted to the evidence.

(t) Special grounds 41, 42, 43, 44, 45, 46 and 47 allege that the court erred in charging certain matters over the objections of the County. None of these were erroneous. Several of these related to matters established as the law of the case in *DeKalb County v. McFarland,* 223 Ga. 196, supra, and *McFarland v. DeKalb County,* 224 Ga. 618, supra.

(u) Special ground 48 alleges that the court erred in charging on the recovery of attorney fees over objection of the County. This ground is also controlled adversely to the County by Division 1 (b).

(v) Special ground 49 insists that the court erred in the recharge to the jury in that it only charged principles of law favorable to the plaintiff without charging the County's contentions; and that the recharge over-emphasized the plaintiff's position to the extent that it amounted to a direction of the verdict for the plaintiff. We find no merit in this contention.

(w) Special ground 50 avers that the verdict of the jury finding for the plaintiff in the amount of $1,000 for specific damages was unauthorized by the evidence, not within the range of the evidence, and without evidence to support it. This assertion is contrary to our holding in Division 1.

(x) Special ground 51 complains that the verdict of the jury finding in favor of the plaintiff for attorney fees in the amount of $4,000 was unauthorized by the evidence, not within the range of the evidence, and without evidence to support it. This is likewise controlled adversely to the plaintiff by Division 1 (b).

(y) Special ground 52 maintains that the court erred in instructing the jury to reconsider their verdict after having found for the defendant on Count 2. This action was necessary and proper to correct a clerical error. It is manifest from the content of the verdict as originally drafted that the jury intended to find for the plaintiff, not the County, on this count. Therefore the word "Defendant" was crossed out and the word "Plaintiff" written in above upon reconsideration by the jury.

(z) Special ground 53 asserts as error the verdict of the jury finding: "We further find that on Count No. 2 the Defendant has created a continuing nuisance in not maintaining the culvert at Midway Road and Shoal Creek. We request that an injunction be issued against the Defendant to eliminate said nuisance by taking whatever action necessary to maintain the culvert and prevent it

from becoming blocked." For reasons hereafter stated in Division 4 we find no error as to this feature.

■ In view of Divisions 1 and 2 we conclude that the judgment overruling the County's motion for new trial was proper, and that therefore enumeration of error 1, complaining of the overruling of the motion for new trial as amended, is not valid.

■ There is no merit in enumerations 4, 5, 6 and 7 complaining in substance of that portion of the verdict and judgment on Count 1 permanently enjoining the County from diverting any surface water from Midway Road onto the property of the plaintiff known as 184 Midway Road and from allowing water flowing in Shoal Creek to be backed up on the property of the plaintiff by the culvert running under said road.

It is insisted that the judgment does not follow the verdict but amounts to a mandatory injunction requiring the County to do something other than keep the culvert open. There is no error as to this feature since the Civil Practice Act expressly repealed Code § 55-110 and therefore these enumerations are not valid. See *Atlanta Country Club v. Sanders,* 230 Ga. 146 (2) (195 SE2d 893).

When the terms of the verdict and the judgment are taken in conjunction, it is apparent that the intent of the order is to enjoin the increase of water causing the destruction of the plaintiff's property. This is a proper result under the law of the case as it was made in prior appearances. See *McFarland v. DeKalb County,* 224 Ga. 318, 319, supra.

We have considered all the contentions made in this appeal and find no error in the proceedings.

*Judgment affirmed. All the Justices concur.*