## 31506. CITY OF ARLINGTON v. SMITH.

UNDERCOFLER, Presiding Justice.

Mrs. Smith sued the City of Arlington for damages and injunction because the city tapped a neighbor's sewer line into her sewer line, causing sewage to "back-up" into her house. The damage issue was dropped and a jury found in favor of Mrs. Smith, directing the city to remove the tap. The city appeals claiming the evidence was insufficient to support the verdict; that ante litem notice as required by Code Ann. § 69-308 was not filed prior to commencing suit; and the charge of the court was improper. We affirm.

1. The evidence shows that all city residents at the time appellee's late husband installed his sewer line could tap into the city's main sewer line at their own expense so long as maintenance and repair remained the sole responsibility of these property owners. No written easements were granted by the city, approval being granted by contacting the chief of police for verbal consent and instructions regarding the location of the main sewer tap. In our opinion this evidence authorized the jury to conclude that the sole use of such sewer line would remain in the property owner following installation. "A sewer laid in a public road in compliance with an agreement . . . becomes a part of the realty in the absence of express or implied terms. . . to indicate otherwise. . ." *Adams v. City of Macon,* 204 Ga. 524 (1) (50 SE2d 598) (1948). Accordingly, the city was properly enjoined from connecting the sewer line of an adjoining property owner to appellee's sewer line.

2. There is no merit to the contention that appellee failed to give ante litem notice to the city as required by Code Ann. § 69-308. The evidence shows appellee brought this matter to the city council's attention several times personally and by subsequent letters setting forth the substantial facts of her cause of action. The council considered the matter closed, gave no relief, and appellant subsequently filed suit. "A substantial compliance with Code Ann. § 69-308. . . is all that is required." *City of Atlanta v. Frank,* 120 Ga. App. 273 (1) (170 SE2d 265) (1969); *Aldred v. City of Summerville,* 215 Ga. 651, 653

(113 SE2d 108) (1960).

3.  Reading the entire charge of the trial court to the jury, it is our opinion it correctly presented the issue of whether an implied agreement existed between the city and appellee that the sewer line installed by appellee should service only appellee's property.

*Judgment affirmed. All the Justices concur.*

ARGUED OCTOBER 13, 1976 — DECIDED DECEMBER 1, 1976.

*Bowles & Bowles, Jesse G. Bowles,* for appellant.
*Hatcher & Cook, Charles F. Hatcher,* for appellee.

