36605. CITY OF COLUMBUS, GEORGIA v. MYSZKA et al.

PER CURIAM.

Myszka obtained judgment against the City of Columbus for actual damages, punitive damages and expenses of litigation. Injunctive relief also was granted against the city. The city appeals.

A stream and a ditch intersect on Myszka's property. They have become enlarged drastically over the years as the volume of water flowing through them has increased due to rain water run-off resulting from uphill development by the defendant Wright approved and accepted by the city. The city also knowingly allowed a leaking sanitary sewer to flow human sewage across Myszka's property over a period of many months. Further facts will be stated as necessary to pass upon the enumerations of error.

1. The city first contends that this is a case of discretionary nonfeasance—of failing to act—for which the city has no liability. Code Ann. § 69-302. This court must disagree. *City of Dublin v. Hobbs,* 218 Ga. 108 (126 SE2d 655) (1962).

The doctrine of discretionary nonfeasance recently has been applied to deny recovery when a municipality had exercised a discretion not to erect a traffic signal, a barrier or a warning sign at a place where it had no duty to erect such a device. *Tamas v. Columbus, Georgia,* 244 Ga. 200 (259 SE2d 457) (1979); *Mayor &c. of Savannah v. Palmerio,* 242 Ga. 419 (249 SE2d 224) (1978); *Bowen v. Little,* 139 Ga. App. 176 (228 SE2d 159) (1976). On the other hand, a municipality, whether exercising its governmental or its ministerial functions, is liable for damages resulting from operating or maintaining a nuisance. *Mayor &c. of Savannah v. Palmerio,* supra. Compare *Duffield v. DeKalb County,* 242 Ga. 432, 435 (249 SE2d 235) (1978). The city contends, in essence, that the present case is analogous to *Tamas* because it is under no duty to maintain natural watercourses and its failure to do so amounts to nothing more than nonfeasance for which it cannot be liable. This position ignores the proven (and not controverted) fact that the city knowingly has allowed human sewage from its sewerage system to flow across Myszka's property for many months, thereby creating a nuisance for which the city is liable. *City of Cordele v. Hobby,* 240 Ga. 207 (240 SE2d 16) (1977); *City of Rome v. Turk,* 235 Ga. 223 (219 SE2d 97) (1975). The city's rather

generalized argument, when seen in clear focus, is that it "did nothing" rather than "doing something" when it allowed the upstream and uphill development to proceed in such a fashion that the volume of water flowing through the stream and dry wash was increased as a result of increased rain water run-off. The question of whether or not the city had a duty to approve or disapprove upstream and uphill construction projects by private developers on private lands which would increase rain water run-off on downstream property owners is not presented because it is clear on the facts of this case that the city had undertaken to grant such approvals after review. Accordingly, this case falls into the category of cases in which the municipality has chosen to act, that is, has chosen to approve construction projects, and has acted, that is, has approved construction projects, which have given rise to a nuisance resulting from increased rainwater run-off, for which the city is liable. *City Council of Augusta v. Thorp,* 103 Ga. App. 431 (119 SE2d 595) (1961); *DeKalb County v. McFarland,* 231 Ga. 649, 651 (203 SE2d 495) (1974); *McFarland v. DeKalb County,* 224 Ga. 618 (163 SE2d 827) (1968); *DeKalb County v. McFarland,* 223 Ga. 196 (154 SE2d 203) (1967); *Baranan v. Fulton County,* 232 Ga. 852 (209 SE2d 188) (1974); *Turk v. City of Rome,* 133 Ga. App. 886 (212 SE2d 459) (1975), affd., *City of Rome v. Turk,* 235 Ga. 223 (219 SE2d 97) (1975). See *City of Bowman v. Gunnells,* 243 Ga. 809, 811 (256 SE2d 782) (1979). Code Ann. § 69-302 is not relevant. *City of Dublin v. Hobbs,* supra.

2. The evidence established continuing, abatable (as distinguished from "permanent") nuisances. Accordingly, it was not error for the trial court to deny the city's motion for directed verdict, or to refuse to give the city's requests for charge, that were premised upon the fact that the city had approved and accepted the uphill subdivision construction more than four years prior to suit. In a continuing, abatable nuisance case, "Code Ann. § 3-1001 does not preclude recovery for any damages save those which were suffered more than 4 years prior to the filing of the suit." *Cox v. Cambridge Square Towne Houses,* 239 Ga. 127, 129 (236 SE2d 73) (1977). "This action accrues at the time of such continuance, and against it the statute of limitations runs only from the time of such accrual." *Shaheen v. G & G Corp.,* 230 Ga. 646, 648 (198 SE2d 853) (1973). The second enumeration of error is without merit.

3. Substantial compliance with Code Ann. § 69-308 is all that is required in the giving of an ante-litem notice. *City of Arlington v. Smith,* 238 Ga. 50 (2) (230 SE2d 863) (1976). The third enumeration of error is without merit.

4. The city contends that it cannot be held liable for punitive damages because in the circumstances of this case a county would not

be liable for punitive damages. *Fulton County v. Baranan,* 240 Ga. 837 (242 SE2d 617) (1978). Inverse condemnation predicated upon the taking clause of the constitution was the basis for the action against the county in *Baranan.* Constitution of 1976, Art. I, Section III, Par. I, Code Ann. § 2-301. 240 Ga. at 837, 838. The present action is for nuisance. A municipality may be sued for maintaining a nuisance. See Division 1 of this opinion. However, a majority of this court adopts the rule that absent statutory authority, a municipality cannot be held liable for punitive damages. 19 ALR2d 903; 57 AmJur2d 268, Municipal, School and State Tort Liability, § 318.

5. The city does not contend that expenses of litigation are not recoverable from a municipality. Code Ann. § 20-1404. *City of Dublin v. Hobbs,* 218 Ga. 108, supra, 110 (5). Rather, the city contends that the evidence does not support the award. The evidence supports the award. The fifth enumeration of error is without merit.

6. The city contends that Myszka should be limited to recovery of property damages alone, and that the measure of those damages is the difference of the market value of the property before and after the occurrence. *Mercer v. J. & M. Transp. Co.,* 103 Ga. App. 141 (118 SE2d 716) (1961). The *Mercer* case is inapposite, as it involved a claim for property damage brought by the property owner against a trucker whose vehicle ran off a street and into a residence. In a continuing, abatable nuisance case, the plaintiff is not limited to a recovery of rental value or market value; rather, he may recover any special damages whether the injury is of a temporary or a permanent nature. *Burleyson v. Western & A. R. Co.,* 91 Ga. App. 745 (87 SE2d 166) (1955); *Ledbetter Bros. v. Holcomb,* 108 Ga. App. 282 (132 SE2d 805) (1963). Unlawful interference with the right of the owner to enjoy possession of his property may be an element of damages. *Duffield v. DeKalb County,* 242 Ga. 432, 433 (2) (249 SE2d 235) (1978). The measure of damages for "discomfort, loss of peace of mind, unhappiness and annoyance" of the plaintiff caused by the maintenance of a nuisance is for the enlightened conscience of the jury. *Mayor &c. of Waynesboro v. Hargrove,* 111 Ga. App. 26 (2) (140 SE2d 286) (1965). The sixth enumeration of error is without merit.

7. "An injunction may be granted to prevent an impending nuisance, continuing in nature, the consequences of which are reasonably certain." *Baranan v. Fulton County,* 232 Ga. 852, 855 (209 SE2d 188) (1974). The seventh enumeration of error is without merit.

8. Myszka sued the upstream developer and the "City of Columbus." The "City of Columbus" answered. Not until trial did the city assert by motion for directed verdict that its correct name is "Columbus, Georgia," and that the suit was a nullity because not brought in that style. The city relies upon cases such as *Boon v.*

*Mayor &c. of Jackson,* 98 Ga. 490 (25 SE 518) (1896). This defense was waived because the city failed to present it by "specific negative averment." Code Ann. § 81A-109 (a).

9. No error has been made to appear regarding the court's charge. The ninth, tenth, eleventh and twelfth enumerations of error are without merit.

10. Assuming, without deciding, that the release to the city from Myszka's predecessor in title, the developer of his house and lot, was binding on Myszka, none of the damages suffered by Myszka resulted from the construction activities to which that release related. Furthermore, the release between the city and the city's co-defendant, Wright, the upstream developer, was in no way binding on Myszka. The thirteenth enumeration of error is without merit.

*Judgment affirmed in part; reversed in part. All the Justices concur, except Undercofler, C. J., and Nichols, J., who dissent as to Division 4 and the judgment of reversal.*

ARGUED SEPTEMBER 10, 1980 — DECIDED OCTOBER 22, 1980.

*Lennie F. Davis, E. H. Polleys, Jr.,* for appellant.
*John W. Denney, James E. Butler, Jr., Kenneth M. Henson,* for appellees.

NICHOLS, Justice, dissenting.

I can perceive no good reason why municipal corporations should not be liable for punitive damages under the same principles applicable to private corporations.