A89A1857, A89A2199. CITY OF ATLANTA v. MURPHY; and vice versa.
(391 SE2d 474)

POPE, Judge.

Plaintiffs Nancy H. Murphy and Donald B. Walker, husband and wife, reside on 15.7 acres of land they own in Fulton County, Georgia. They brought suit against the City of Atlanta alleging they had been damaged by the maintenance of a nuisance due to the manner in which the City operated a landfill garbage dump adjacent to plaintiffs' property. At trial both owners testified as to the extreme annoyance and discomfort caused by odors emanating from the landfill and by pests and wild animals attracted to it. Evidence was presented that at times the City left open garbage uncovered in the landfill over night or longer in violation of state regulations. Although plaintiff Walker admitted the property was not uninhabitable and that he and his family did not move out, he did testify that he was prevented from using the property as he had intended to use it during the entire period of time covered by the lawsuit (over two years) and that he and his family were frequently required to stay in the house with windows closed and air-conditioning units on to filter the odor of the air. A real estate appraiser testified that the fair market rental value of the property was $820 per month and the present value of the rental value for the period covered by the lawsuit was $23,800. Judgment was entered on the jury verdict awarding plaintiffs $23,800 for loss of rental value, $25,000 for damages and $6,900 attorney fees.

The City's motion for new trial was denied and it filed a notice of appeal. Plaintiffs' motion for dismissal of the notice of appeal was also denied. We first address the issues raised in plaintiffs' appeal from the denial of its motion to dismiss the City's notice of appeal in

Case No. A89A2199. Then we address the issues raised in defendant City's appeal in Case No. A89A1857.

### Case No. A89A2199

The notice of appeal was filed by the City in this case on April 26, 1988. Although it appears a bill for costs of transmitting the transcript was forwarded by the clerk of the court on an earlier date, the attorney for the City attested that he did not receive a copy until February 6, 1989. The attorney disregarded the bill because he believed the City was not charged court fees by the clerk of the Fulton County Superior Court. An affidavit from the Chief Deputy Clerk attested that for several years the clerk's office had not billed the City of Atlanta Law Department for certain services, although the cost of transmission of record on appeal was not one of the services enumerated in her affidavit. Nevertheless, we cannot conclude that the trial court abused its discretion in finding the delay in filing the transcript was excusable because of the confusion concerning billing practices by the clerk. "On appellate review the sole test is whether the trial judge abused his discretion in [ruling on the motion to dismiss an appeal]." *Duncan v. Ball*, 174 Ga. App. 341, 343 (2) (330 SE2d 160) (1985). Consequently, we must affirm the trial court's denial of plaintiffs' motion to dismiss the City's appeal.

### Case No. A89A1857

Having concluded that the trial court did not err in refusing to dismiss the City's notice of appeal, we now address the issues raised therein.

1. The judgment does not award plaintiffs a double recovery for a single injury. In an action for nuisance, the plaintiff may recover for both damage to person and damage to property. OCGA § 41-1-4; *Sam Finley, Inc. v. Russell*, 75 Ga. App. 112 (3) (42 SE2d 452) (1947). "Generally, the measure of damages for continuing an abatable nuisance is a diminution of the yearly rental value of the property damaged during the existence of the nuisance . . . *plus* any actual damage sustained . . . ." (Emphasis supplied.) *Burleyson v. Western &c. R. Co.*, 91 Ga. App. 745, 752 (87 SE2d 166) (1955). See also *City of Columbus v. Myszka*, 246 Ga. 571 (6) (272 SE2d 302) (1980). Damages for discomfort and annoyance caused to the owner and his family are separate and distinct from damage to the value of the realty. See *Jones v. Royster Guano Co.*, 6 Ga. App. 506 (2) (65 SE 361) (1909).

2. Plaintiffs presented evidence of their dealings with representatives of the City of Atlanta prior to filing suit from which the jury could find that the City exhibited bad faith. Bad faith in an action sounding in tort means bad faith in the transaction out of which the

cause of action arose. *Atlanta Journal Co. v. Doyal*, 82 Ga. App. 321 (5) (60 SE2d 802) (1950). Thus, the fact that the amount of plaintiffs' damages, if any, was in controversy does not preclude plaintiffs from recovering an award of attorney fees pursuant to OCGA § 13-6-11. Moreover, attorney fees for defendant's bad faith in the transaction out of which the lawsuit arose may be recovered even where, as here, the amount of damages awarded by the jury is less than that originally demanded in the lawsuit. See *Georgia-Carolina Brick &c. Co. v. Brown*, 153 Ga. App. 747 (2B) (266 SE2d 531) (1980).

3. The trial court did not err in awarding damages on the verdict or in denying the City's motion for new trial brought on the general grounds and on the ground that the verdict was so excessive as to be inconsistent with the preponderance of the evidence. The City argues that plaintiffs were not entitled to the full rental value of the property during the period of the nuisance since they remained on the property and enjoyed at least some of its use. "The mere fact that [plaintiffs were] willing to remain in the house, notwithstanding the great discomfort and annoyance caused by the nuisance, ought not to preclude [plaintiffs] from recovering for damage inflicted by the wrongful act of the defendant." *Jones v. Royster Guano Co.*, supra at 511. Sufficient evidence was presented that plaintiffs were restricted from enjoying the property for the use they had intended. Consequently, we cannot hold the award for diminution of value to be excessive. The fact that the resale value of the property had increased during the period of the nuisance does not preclude plaintiffs from recovering an award for diminution in the value of the use of the property. Id. at (2). The remaining award of damages, for discomfort and annoyance, is for the enlightened conscience of the jury and also should not be disturbed. See *Mayor &c. of Waynesboro v. Hargrove*, 111 Ga. App. 26 (2) (140 SE2d 286) (1965).

Even though we rule against defendant-appellant, we cannot conclude that the appeal was brought only for delay and, consequently, we deny plaintiffs' motion for damages for frivolous appeal.

*Judgments affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 26, 1990.

*Marva Jones Brooks, David D. Blum, Bruce P. Johnson*, for appellant.

*Edwin Marger*, for appellees.