A95A2354. CITY OF WARNER ROBINS v. HOLT.
(470 SE2d 238)

JOHNSON, Judge.

The City of Warner Robins appeals a jury's verdict in favor of plaintiff Mark Holt, as well as the denial of its motions for new trial and judgment notwithstanding the verdict.

On appeal, we are required to construe the evidence to support the jury's verdict. When so construed, the evidence at trial shows as follows:

In 1977, the City of Warner Robins closed a landfill which it had previously operated. Several years later a residential subdivision was developed adjacent to the landfill site. Mark Holt purchased one of the houses in that subdivision. In 1987, the Georgia Environmental Protection Division ("EPD") detected low levels of methane gas on one of the lots in the subdivision. Holt's property was tested as well, but no methane gas was detected there at that time. An engineering firm hired by the city submitted a report in 1989, however, which concluded that a portion of the closed landfill was encroaching on lots in the subdivision, including Holt's. The fill material was generating

methane gas which could threaten the homes. Because the removal of the fill material is costly, the engineer recommended that the fill material be left intact, rendering the houses uninhabitable. Alternatively, the firm proposed the installation of a barrier trench and venting wells which would vent the methane gas into the atmosphere. When engineers hired by Holt found methane gas on his property in 1990, Holt moved out of his house and filed suit against the city asserting claims of trespass, abatable and permanent nuisance, emotional distress, and seeking to recover litigation expenses. The case was tried before a jury.

On a specially drafted verdict form, the jury awarded Holt: (1) $59,000 for diminution of market value of his house, which the jury indicated represented the full market value of the property; (2) $22,000 for the lost rental value of the house; (3) $77,000 for Holt's attorney fees and expenses of litigation; and (4) $52,000 for emotional distress or for loss of peace, happiness, or enjoyment. The trial court entered judgment on the jury's verdict. This appeal follows the denial of the city's post-trial motions.

1. The city contends the trial court erred by submitting to the jury Holt's claim for litigation expenses and attorney fees.

(a) The city asserts that because it is a governmental entity, it is immune from any claim for attorney fees and expenses of litigation. However, it is well-settled law that when warranted, attorney fees and expenses of litigation are recoverable against a municipality. See *City of Columbus v. Myszka*, 246 Ga. 571, 573 (5) (272 SE2d 302) (1980); *City of Dublin v. Hobbs*, 218 Ga. 108, 110 (5) (126 SE2d 655) (1962). See also *City of Atlanta v. Murphy*, 194 Ga. App. 652, 653-654 (2) (391 SE2d 474) (1990).

(b) The city further contends that governmental entities are not subject to awards which are intended to penalize or punish, and that the award of litigation expenses here was designed to punish. The city's reliance on *MARTA v. Boswell*, 261 Ga. 427 (405 SE2d 869) (1991) is misplaced. *MARTA* involved an award of punitive damages, not an award of attorney fees and expenses of litigation. The Georgia Supreme Court has repeatedly allowed recovery of attorney fees and expenses of litigation from municipalities. See *City of Columbus v. Myszka*, supra; *City of Dublin v. Hobbs*, supra. Though awards of litigation expenses and attorney fees may often have a somewhat punitive effect on the party against whom they are awarded, to punish or penalize is not their purpose. Rather, in those limited circumstances under which such awards are authorized by law, the purpose is to compensate an injured party, in order that such parties are not further injured by the cost incurred as a result of the necessity of seeking legal redress for their legitimate grievances.

(c) Next, the city argues that even if attorney fees and expenses

of litigation are authorized against a municipality, they are not warranted here because a bona fide controversy existed between the parties. Even when a bona fide controversy exists, a party may be liable for attorney fees under OCGA § 13-6-11 where the party sought to be charged has acted in bad faith. *Latham v. Faulk*, 265 Ga. 107, 108 (2) (454 SE2d 136) (1995); *Dimambro Northend Assoc. v. Williams*, 169 Ga. App. 219, 224-225 (312 SE2d 386) (1983). Construed to support the verdict, the evidence at trial showed that the EPD, an engineer hired by the city, and Holt's engineers all found that methane gas was migrating from the landfill, yet the city failed to take remedial measures to protect Holt's property. Though this evidence was contradicted by evidence produced at trial by the city, it nevertheless constitutes evidence from which the jury could have concluded that the city acted in bad faith. Where there is at least some evidence to support a claim for attorney fees under OCGA § 13-6-11, the trial judge is bound to submit the issue to the jury to decide. It is not for this Court to determine or to question how the jury resolved any apparent conflicts or uncertainties in the evidence. The standard of review of an award of attorney fees under OCGA § 13-6-11 is whether there is any evidence to support the award. See *C & S Trust Co. v. Hicks*, 216 Ga. App. 338, 340 (2) (454 SE2d 207) (1995). Because there was at least some evidence in this case to support a jury's finding that the city acted in bad faith, the award of attorney fees must be upheld.

2. The city contends the trial court erroneously permitted double recovery when it charged the jury it could award Holt damages on both the issue of permanent nuisance and abatable nuisance. We agree, and reverse as to the award of damages to Holt for lost rental value of his property.

What constitutes the proper measure of damages recoverable by the owner of real property damaged by a nuisance turns upon the issue of whether the nuisance is permanent or abatable. If the nuisance is permanent, the measure of damages is the diminution of fair market value of the property. If the nuisance is abatable, the measure of damages is lost rental value for so long as the nuisance is allowed to continue. See *Piedmont Cotton Mills v. General Warehouse No. Two*, 222 Ga. 164, 168 (3) (149 SE2d 72) (1966); *Ledbetter Bros. v. Holcomb*, 108 Ga. App. 282 (132 SE2d 805) (1963); *Burleyson v. Western &c. R. Co.*, 91 Ga. App. 745 (87 SE2d 166) (1955); see also Cobb and Eldridge, Ga. Law of Damages (3rd ed.), § 31-5, pp. 573-574.

Here, the evidence presented a jury issue concerning whether there was a nuisance, and, if so, whether it was permanent or abatable. Depending upon its determination of the character of the nuisance, a jury may award an injured property owner either lost rental value or diminution of fair market value, but it cannot award both. If

the jury awards damages on both alternatives, the trial court must adjust the judgment to reflect damages for only one of these mutually exclusive claims. The greater subsumes the lesser, and, in this case, it is the lesser claim for lost rental value which should not have been included in the judgment.

We do not agree with the city's contention that there was no evidence of a permanent nuisance. The jury had before it evidence that the city's first engineer recommended removal of the house as a way to solve the problem Holt and others had encountered because of methane infiltration from the closed landfill. The jury also had before it evidence that the installation of a barrier and ventilation system would itself render Holt's property unmarketable. Though contradicted by other evidence, this evidence was sufficient to allow the jury to conclude the nuisance is permanent. Holt's suggestion that the nuisance here changed character from abatable to permanent over time is without merit given that the evidence shows measures available to end the methane infiltration onto his property would themselves render his property unmarketable.

There is sufficient evidence to support the jury's finding that the value of Holt's property had been reduced by $59,000. However, for the reasons set out above, the award of an additional $22,000 for lost rental value cannot stand.

Upon remand, the trial court is directed to amend the judgment by deleting the $22,000 awarded by the jury for lost rental value.

3. The city contends that the jury award to Holt for emotional distress was excessive. "The measure of damages for 'discomfort, loss of peace of mind, unhappiness and annoyance' of the plaintiff caused by the maintenance of a nuisance is for the enlightened conscience of the jury. [Cit.]" *City of Columbus*, supra at 573 (6). "The court has no power to review the finding of the jury because their verdict is claimed to be excessive, unless it appears that their finding was due to prejudice or bias, or was influenced by corrupt means. [Cit.]" *Wilson v. Dunaway*, 112 Ga. App. 241, 247 (8) (144 SE2d 542) (1965). There being nothing in the record to show prejudice or bias by the jury, and the verdict having the approval of the trial judge, we are not authorized to set it aside as excessive. Id.

4. The city contends the trial court erred in failing to instruct the jury that Holt could recover damages for emotional distress only if they found the city's actions were malicious, wilful, and wanton. The court charged the jury as follows: "Also, if you find from a preponderance of the evidence that the city trespassed, and that the same was willful, wanton and intentional rather than merely negligent, and that the city could reasonably have foreseen that mental pain and suffering would be the natural and proximate result of such conduct, then mental pain and suffering is a legal item of damages for you to con-

sider. In that connection I charge you that the measure is that enlightened conscience of fair and impartial jurors. Questions of how much the Plaintiff has suffered is for you to decide. Anxiety, shock and worry are examples of what might be included under mental pain and suffering."

The city concedes this is a proper charge, but complains that the trial court improperly limited this instruction to the trespass count. We have examined the charge, the context in which it was given, and the objection which appellant's counsel raised to the charge at trial. We find no error. The charge is complete and accurate, and was not improperly limited as the appellant suggests. The objection raised at trial was the court's failure to give an additional charge on intentional infliction of emotional distress, and an expression of concern that the jury might be confused unless they were charged that "before awarding any money damages for emotional or mental distress they must find that the conduct of defendant is intentional, or malicious, willful, and wanton." The charge complained of told the jury exactly that.

5. Finally, the city contends the trial court erred in allowing into evidence current solid waste regulations regarding landfill buffers which were not in effect when the landfill in question closed in 1977. Holt's expert was allowed to read into evidence current regulations and requirements for buffers around landfills which went into effect in 1990 and were not retroactive. The city's objection asserted that current regulations are not relevant. Pretermitting whether the testimony was relevant, questions of relevancy are within the domain of the trial court, and objections solely based on the irrelevancy of evidence are insufficient to show reversible error. See *Shaw v. Ruiz*, 207 Ga. App. 299, 301 (5) (428 SE2d 98) (1993).

*Judgment affirmed in part, reversed in part, and case remanded with direction: Birdsong, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 26, 1996 —
RECONSIDERATION DENIED MARCH 19, 1996 — 

*Jones, Cork & Miller, Hubert C. Lovein, Jr., Robert C. Norman, Jr.*, for appellant.

*Decker & Hallman, F. Edwin Hallman, Jr., David C. Moss*, for appellee.

*Walter E. Sumner*, amicus curiae.