## 27829. SHAHEEN v. G & G CORPORATION.

UNDERCOFLER, Justice. The appellant brought this action for injunction and damages in three counts for a continuing trespass, continuing nuisance and breach of contract against the appellee which is an adjoining property owner. Count 1 shows that the appellant purchased its property on February 10, 1970. It alleges that about April 28, 1967, the appellee graded its property and placed large quantities of dirt on the property now owned by the appellant. It also alleges that the natural flow of water was changed by the grading and large quantities of water are dumped on the appellant's property. Count 2 alleges that the appellant's predecessor in title, Plymouth Development Company, and the appellee entered into a written agreement on April 28, 1967, whereby each agreed to grade its property according to certain specifications and that the appellee had failed to do so. Count 3 alleges that the appellee's actions constitute a continuing nuisance.

Appellee filed its defenses and counterclaimed for injunction and damages. It asserted that in the written agreement of April 28, 1967, the appellant's predecessor in title, Plymouth Development Company, admitted that it had graded its property leaving the appellee's property at a higher elevation; that Plymouth agreed its property would be graded to a specified slope; that this was done by Plymouth in compliance with said agreement; that said grade existed until February 10, 1970, when the appellee changed the grade causing additional damage to the appellant.

This appeal is from the trial court's denial of appellant's motion for summary judgment on the counterclaim and the granting of appellee's motion for judgment on the pleadings as to counts 1 and 3 of the complaint, which motion was treated as a motion for summary judgment. *Held:*

1. Under the evidence submitted, there is genuine issue of material fact existing on the counterclaim. The trial court did not err in denying the motion for summary judgment on this basis.

2. The appellant contends that the allegations of count 1 and count 3 of the complaint and the evidence submitted in opposition to appellee's motion for summary judgment on these counts show a continuing trespass and a continuing nuisance and therefore these counts should not have been dismissed. Appellee contends that its act of grading its property was completed on April 28, 1967, and that the statute of limitation bars these counts of the complaint which was filed on January 12, 1972.

"The doctrine of the application of the statute of limitations to actions for nuisance is discussed, with little disagreement, in quite a number of text-books and decisions. A nuisance, permanent and continuing in its character, the destruction or damage being at

once complete upon the completion of the act by which the nuisance is created, gives but one right of action, which accrues immediately upon the creation of the nuisance and against which the statute of limitations begins, from that time, to run. [Cits.] Where a nuisance is not permanent in its character, but is one which can and should be abated by the person erecting or maintaining it, every continuance of the nuisance is a fresh nuisance for which a fresh action will lie. 3 Bl. Com. 220. This action accrues at the time of such continuance, and against it the statute of limitations runs only from the time of such accrual. 'Where the original nuisance to land is of a permanent character, so that the damages inflicted thereby are permanent, a recovery not only may, but must, be had for the entire damages, in one action; and such damages accrue from the time the nuisance is created, and from that time the statute of limitations begins to run. In the case of nuisances which are transient rather than permanent in their character, the continuance of the injurious acts is considered a new nuisance, for which a fresh action will lie; and although the original cause of action is barred, damages may be recovered for the continuance of the nuisance.' Chicago etc. R. R. v. McAuley [121 Ill. 160]." *City Council of Augusta v. Lombard,* 101 Ga. 724, 726 (28 SE 994).

The appellant produced evidence that during rainfalls large accumulations of water and dirt flowed over and were deposited on its property because of appellee's grading of its property which changed the elevation of the property and altered its natural contour. These facts would support a finding of a continuing trespass and a continuing nuisance. *Reid v. City of Atlanta,* 73 Ga. 523; *Bodin v. Gill,* 216 Ga. 467 (3) (117 SE2d 325); *McMillen Development Corp. v. Bull,* 228 Ga. 826 (188 SE2d 491).

Accordingly, the trial court erred in sustaining the

motion for judgment on the pleadings which was treated as a motion for summary judgment, as to counts 1 and 3 of the petition.

There is no merit in appellee's contention that the appellant is without standing to bring this action since it purchased the property with full knowledge of the circumstances surrounding it. Code § 72-105; *Roughton v. Thiele Kaolin Co.,* 209 Ga. 577 (2a) (83 SE2d 590).

*Judgment affirmed in part; reversed in part. All the Justices concur.*

ARGUED MAY 15, 1973 — DECIDED MAY 31, 1973.

*Schwall & Heuett, Emory A. Schwall, Stanley M. Lefco,* for appellant.

*Fine & Block, A. J. Block, Jr.,* for appellee.