## 28784. BRAND v. MONTEGA CORPORATION.

GUNTER, Justice.

This is an appeal from a judgment based on a jury verdict in favor of defendant-appellee (Montega) in an action brought by plaintiff-appellant (Brand) in which he sought an injunction and damages for trespass to land. A former appearance of this case in this court is reported. See *Montega Corp. v. Hazelrigs,* 229 Ga. 126 (189 SE2d 421) (1972).

Brand's action against Montega contended that the latter had trespassed upon his property, had committed continuing trespasses that amounted to a continuing nuisance, that these alleged infringing acts should be stopped by injunction, and that these alleged infringing acts had caused damages that he sought to recover. The case was tried before a jury; the trial judge submitted questions to the jury, and the answers to the questions constituted the jury's verdict; the jury's answers to the questions were substantially as follows: (1) Montega had not trespassed upon Brand's property, (2) Montega had not committed a continuing trespass against Brand's property, (3) Montega's acts or omissions were not intentional and did not constitute such conduct that would display a want of care toward Brand, (4) Brand was not entitled to a permanent injunction, and (5) Brand was not entitled to recover any damages against Montega. Judgment was entered in favor of Montega, and Brand's motion for a new trial was overruled.

The record and transcript consist of over two thousand pages, and twenty-nine errors have been enumerated. We affirm the judgment below, and in this opinion we treat only those enumerated errors that we deem to be of significance.

1. Brand contends that the trial court committed error in withdrawing the issue of nuisance from the case and in refusing to charge the jury as to nuisance. The complaint alleged acts of the defendant which constituted a continuing trespass and continuing nuisance. The complaint alleged: "The intentional and artificial diversion of surface water onto plaintiff's property constitutes a continuing and abatable trespass and nuisance, thereby depriving plaintiff of the use and enjoyment of his property."

As we read the allegations and the evidence in this case, the alleged acts of trespass and the alleged acts of nuisance were one and the same. In short, unless there was a continuing trespass in this case, there was no continuing nuisance. In a surface-water invasion case, the continuing invasions amount to a continuing trespass which is the equivalent of a continuing nuisance. The trial judge properly charged the jury that a surface-water invasion was a trespass and continuing invasions amounted to a continuing trespass, and the fact that he did not use the words "continuing nuisance" in his instructions to the jury did not harm Brand or amount to harmful error. In *Shaheen v. G & G Corp.*, 230 Ga. 646 (198 SE2d 853) (1973), this court held that the summary judgment evidence submitted would support a finding of a continuing trespass and a continuing nuisance in a surface-water invasion case. *Shaheen* in effect held that a continuing trespass and a continuing nuisance are one and the same thing in a surface-water invasion case.

2. Brand contends that the evidence required a finding that a trespass and a continuing trespass had occurred. This argument is the equivalent of arguing that the trial judge should have directed a verdict in favor of Brand on the issue of trespass. Montega argues that the evidence created fact issues with respect to trespass and continuing trespass that were properly submitted to the jury, and the jury resolved these issues in favor of Montega.

Code § 105-1401 provides that "The right of enjoyment of private property being an absolute right of every citizen, every *act of another* which unlawfully interferes with such enjoyment is a tort for which an

action shall lie." Brand argues that where a surface-water invasion is shown by the evidence to have occurred, as in this case, a trespass has taken place, and it is the court's duty to direct a verdict on this issue. We have found no Georgia cases supporting this position, and we decline to adopt it.

When a surface-water invasion has taken place, whether it amounts to a compensable tort is a question of fact for the jury. Nature, gravity, velocity, and relativity, as well as the acts of the alleged tortfeasor, are matters that must be considered in determining whether a surface-water invasion constitutes a trespass for which damages are recoverable.

"Except where the actor is engaged in an abnormally dangerous activity, an unintentional and non-negligent entry on land in the possession of another, or causing a thing or third person to enter the land, does not subject the actor to liability to the possessor, even though the entry causes harm to the possessor or to a thing or third person in whose security the possessor has a legally protected interest." Restatement of the Law, Torts 2d, Vol. I, § 166 (1965).

We hold that the evidence in this case presented a fact issue for jury determination.

3. Most of the remaining enumerated errors relate to issues which touch on the question of damages. Since the jury found no liability on the part of Montega, and we have determined that the jury's decision must be affirmed on that issue, the remaining alleged errors, even if of substance, would fall in the category of harmless. See *Andrew v. Carithers,* 124 Ga. 515 (52 SE 653) (1905).

It will have to be sufficient here to say that we have examined the additional alleged errors, and we find them to be without merit.

*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 10, 1974 — DECIDED SEPTEMBER 17, 1974 — REHEARING DENIED OCTOBER 17, 1974.

*Shoob, McLain & Jessee, C. James Jessee, Jr., James B. Ritchie,* for appellant.

*Neely, Freeman & Hawkins, William G. Tabb, III, Joe C. Freeman, Long, Weinberg, Ansley & Wheeler, Palmer H. Ansley, Wall, Parker & Campbell, Alford Wall,* for appellee.

*Martin H. Peabody, John R. Martin,* amicus curiae.