[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-15716

_____

D. C. Docket No. 1:10-cv-01275-RLV

ROYAL CAPITAL DEVELOPMENT, LLC,

Plaintiff-Appellant,

versus

MARYLAND CASUALTY COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 2, 2012)

Before DUBINA, Chief Judge, CARNES, Circuit Judge, and SANDS,* District
Judge.

DUBINA, Chief Judge:

_____

*Honorable W. Louis Sands, United States District Judge for the Middle District of
Georgia, sitting by designation.

## I.

This case involves a dispute over the proper interpretation under Georgia law of a real property insurance contract between Plaintiff-Appellant Royal Capital Development, LLC ("Royal Capital") and Defendant-Appellee Maryland Casualty Company. The insurance policy provides coverage for "direct physical loss of or damage to" a building Royal Capital owns in the Buckhead area of Atlanta. The contract specifies Maryland Casualty's obligations under a section entitled "Loss Payment": "In the event of loss or damage" to the property, Maryland Casualty "will either: (a) Pay the value of lost or damaged property; [or] (b) Pay the cost of repairing or replacing the lost or damaged property . . . ." [Insurance Policy Coverage Form, R. 1-2 (Exh. 1) at 20.]

Royal Capital contends that the insurance coverage extends to compensation for the building's diminution in value resulting from stigma due to the building's physical damage, even after all repairs have been made. It cites *State Farm Mutual Automobile Insurance Company v. Mabry*, 556 S.E.2d 114, 120-22 (Ga. 2001), as adhering to the long-established rule for car insurance contracts that the insurer is obligated to pay for diminution in value and argues that the rationale extends to insurance contracts for buildings. Although Maryland Casualty acknowledges the *Mabry* rule, it contends that it does not apply here because the insurance contract

2

covers a building, not an automobile, and the language excludes coverage for diminution of value damages.

## II.

The single question presented in this appeal is whether the *Mabry* rule extends to standard insurance contracts for buildings. Because this is an important unsettled question of state law, and there is no controlling precedent from the Georgia state courts, we certified the question to the Supreme Court of Georgia. *Royal Capital Dev., LLC v. Maryland Cas. Co.*, 659 F.3d 1050 (11th Cir. 2011). The specific question we certified is as follows:

> **For an insurance contract providing coverage for "direct physical loss of or damage to" a building that allows the insurer the option of paying either "the cost of repairing the building" or "the loss of value," if the insurer elects to repair the building, must it also compensate the insured for the diminution in value of the property resulting from stigma due to its having been physically damaged?**

*Id.* at 1055.

Recently, the Supreme Court of Georgia, in a unanimous opinion, answered our question in the affirmative. Specifically, the Supreme Court of Georgia declined to limit its holding in *Mabry* to automobile insurance policies and specifically held that the *Mabry* rule applies to the insurance contract at issue in this case. Accordingly, based on the Georgia Supreme Court's answer to our

3

certified question in its opinion, attached hereto as an appendix, we reverse the district court's grant of summary judgment in favor of Maryland Casualty and remand this case for further proceedings in accordance with the opinion of the Supreme Court of Georgia filed with the clerk of this Court on May 29, 2012.

**REVERSED and REMANDED.**

**APPENDIX**

In the Supreme Court of Georgia

Decided: May 29, 2012

S12Q0209.  ROYAL CAPITAL DEVELOPMENT LLC V MARYLAND
CASUALTY COMPANY

THOMPSON, Justice

By way of <u>Royal Capital Dev. v. Maryland Cas. Co.</u>, 659 F3d 1050 (11th Cir. 2011), the United States Court of Appeals asked this Court to decide the following question of law:

> For an insurance contract providing coverage for "direct physical loss of or damage to" a building that allows the insurer the option of paying either "the cost or repairing the building" or the "loss of value," if the insurer elects to [ ] repair the building, must it also compensate the insured for the diminution in value of the property resulting from stigma due to its having been physically damaged?

This question stems from a dispute over the proper interpretation under Georgia law of a contract insuring real property.  The primary issue presented to this Court is whether our ruling in <u>State Farm Mut. Auto. Ins. Co. v. Mabry</u>, 274 Ga. 498 (556 SE2d 114) (2001), a case involving an automobile insurance policy wherein we held that a provision requiring the insurer to pay for loss to the insured's car required the insurer to also pay for any diminution in value of the repaired vehicle, is applicable.

5

As the Eleventh Circuit observed, "the single question presented in this appeal is whether the Georgia courts would hold that the Mabry rule extends to standard insurance contracts for buildings." Royal Capital Development, 659 F3d at 1051. For the reasons which follow, we hold that our ruling in Mabry is not limited by the type of property insured, but rather speaks generally to the measure of damages an insurer is obligated to pay.

The facts giving rise to this question are summarized as follows:  Royal Capital owns an eight-story commercial building in the Buckhead area of Atlanta.  In 2003, Royal Capital purchased the disputed insurance policy from Maryland Casualty to insure the building.  After construction activity on an adjacent property caused physical damage to the building, Royal Capital submitted a timely claim under the policy to Maryland Casualty, seeking both the costs of repair and the post-repair diminution in value resulting from the damage. Maryland Casualty acknowledged that the damage to the building was a covered cause of loss under the policy and paid $1,132,072.96 to compensate Royal Capital for the estimated costs of repair. However, Maryland Casualty refused to acknowledge any responsibility to compensate Royal Capital for the alleged diminution in value of the property.

Royal Capital filed a one-count complaint in the Superior Court of Fulton County, Georgia and Maryland Casualty removed the case to the United States

6

District Court for the Northern District of Georgia pursuant to 28 USC § 1332. Deferring discovery on the actual extent of the building's loss of value, the parties filed cross-motions for summary judgment on the narrow issue of whether the insurance contract allowed recovery of diminution of value damages in addition to the costs of repair under Georgia law. The district court granted Maryland Casualty's motion for summary judgment, holding that Mabry was inapplicable because it dealt exclusively with a consumer automobile policy and thus diminution of value damages were not available under this contract insuring real property.

On appeal, the Eleventh Circuit determined that the sole question presented was whether Royal Capital's insurance contract with Maryland Casualty required the insurer to pay for the alleged "diminution in value" of the insured building in addition to the costs of repair. Royal Capital, supra, 659 F3d at 1052. In light of the conflicting federal decisions[**] and finding no controlling precedent from Georgia state courts, the Eleventh Circuit determined that this case raised an important unsettled question of state law. Accordingly, it certified to

---

[**] While the district court in this case agreed with Maryland Casualty that Mabry was not controlling, noting that it dealt "exclusively with a consumer automobile policy," see Royal Capital Dev. v. Maryland Cas. Co., No. 1:10-CV-1275-RLV, 2010 WL 5105157 (N.D. Ga., Dec. 2, 2010), in NUCO Invs. v. Hartford Fire Ins. Co., No. 1:02-CV-1622-CAP, 2005 WL 3307089 (N.D. Ga. Dec. 5, 2005) (unpublished), a different federal judge in an earlier case found that the rationale behind the Mabry rule did not justify a distinction for real estate.

7

this Court the question of the proper interpretation of the parties' insurance contract in light of Mabry. Id. at 1054.

1. Royal Capital contends that pursuant to Mabry, the insurance coverage provided under the contract at issue extends to compensation for the building's diminution in value resulting from the stigma due to the building's past physical damage, even after all repairs have been made.  In Mabry, this Court determined that

> value, not condition, is the baseline for the measure of damages in a claim under an automobile insurance policy in which the insurer undertakes to pay for the insured's loss from a covered event, and that a limitation of liability provision affording the insurer an option to repair serves only to abate, not eliminate, the insurer's liability for the difference between pre-loss and post-loss value.

274 Ga. at 506.  As we noted in our decision, "[r]ecognition of diminution in value as an element of loss to be recovered on the same basis as other elements of loss merely reflects economic reality."  Id. at 508.

These same principles have long been applied under Georgia law in cases involving the proper determination for measuring damages to real property.  Empire Mills Co. v. Burrell Engineering & Constr. Co., 18 Ga. App. 253 (89 SE 530) (1916) (as a general rule the measure of damages in actions for real property is the difference in value before and after the injury to the premises).  This Court has consistently held that the measure of damages in such cases is intended to place an injured party, as

8

nearly as possible, in the same position they would have been if the injury had never occurred. John Thurmond & Assoc. v. Kennedy, 284 Ga. 469 (668 SE2d 666) (2008). See BDO Seidman v. Mindis Acquisition Corp. 276 Ga. 311 (1) (578 SE2d 400) (2003); Redman Dev. Corp. v. Piedmont Heating &c, 128 Ga. App. 447 (197 SE2d 167) (1973). Moreover, this Court has long considered diminution in value to be an element in determining the proper measure of damages to real property. See Thurmond, 284 Ga. at 470; see Harrison v. Kiser, 79 Ga. 588 (1887); Mercer v. J & M Transp. Co., 103 Ga. App. 141 (118 SE2d 716) (1961) (measuring damages by diminution in value where restoration would require construction of entirely new home).

In applying these principles, this Court has recognized that under Georgia law, cost of repair and diminution in value can be alternative, although often interchangeable, measures of damages with respect to real property. Thurmond, 284 Ga. at 471; Ray v. Strawsma, 183 Ga. App. 622, 623 (359 SE2d 376) (1987). More the point in this case, in Thurmond we observed:

> Although unusual, it may sometimes be appropriate, in order to make the injured party whole, to award a combination of both measures of damages. In such cases, notwithstanding remedial measures undertaken by the injured party, there remains a diminution in value of the property, and an award of only costs of remedying the defects will not fully compensate the injured party. [Cit.]

9

Thurmond, 284 Ga. at 471, fn. 2. Based on well-established precedent authorizing full recovery, including in some circumstances both diminution in value and cost of repair, we thus reject Maryland Casualty's contention that the contract at issue did not include coverage for post-repair diminution in value as no insurer or insured had reason to expect such coverage under a standard real property insurance policy.

2. Maryland Casualty relies upon the Georgia Court of Appeals decision in City of Atlanta v. Broadnax 285 Ga. App. 430 (646 SE2d 279) (2007) as support for its argument that this Court intended to limit Mabry to automobile insurance contract cases. Broadnax involved a nuisance action brought against the City of Atlanta regarding flooding allegedly due to overflow from the city's combined system for drainage of sewer and storm water. Id. The Court of Appeals refused to allow the plaintiffs/homeowners to recover damages for both the diminution in value of their property due to the stigma of living in a flood prone area, as well as the costs of repair, holding that an award of both would constitute an impermissible double recovery of damages. Id. at 438-39. The Court of Appeals reached this decision after erroneously concluding that it was constrained from extending Mabry's rationale

based on this Court's decision in Georgia Northeastern R. v. Lusk, 277 Ga. 245 (587 SE2d 643) (2003).[***]

The question this Court addressed in Lusk was whether a diminution in value award based, in part, on the existence of a continuing nuisance for which sufficient damages to abate had already been awarded, would constitute impermissible double damages. In answering this question, we observed that in Georgia, "[a] plaintiff is entitled to only one recovery and satisfaction of damages, because such recovery and satisfaction is deemed to make the plaintiff whole." Lusk, 277 Ga. at 246. We reiterated that "different means of measuring damages are not to be so applied as to give double damages for the same thing." Id. We did not rule that Georgia law precludes a diminution in value award in addition to restoration and repair costs where the repair does not fully restore the property to its pre-damage value. Nor did

---

[***] In Lusk, a property owner brought suit against a railroad alleging that his riverside property had eroded as a result of a nuisance maintained by the railroad. The evidence adduced at trial reflected that as a result of the nuisance, 60 percent of one acre of the property had already eroded into the river. The jury award included $5,400 for the diminution in fair market value of the property and $182,755 for the estimated cost to restore the eroded riverbank. Noting that the diminution in value award appeared to directly reflect the usable acreage that was irreparably lost and, further, that the amount awarded as the cost of "restoration" was the exact sum given by the railroad's expert as the cost of stabilizing the eroded riverbank to prevent further deterioration and did not include any amounts to replace the soil already lost, this Court observed that the particular sums awarded by the jurors in the case indicated that they may not have returned impermissible double damages. However, because of the language used in the special verdict form, the Court was unable to conclusively determine whether the "diminution" award was limited to the decrease in value of the land based on the lost acreage, or whether it also included an award for the decrease in the value of the land caused by the destabilized condition of the riverbank - something remedied by the restoration award.

we rule that "stigma" damages to property would constitute an impermissible double recovery, as "stigma" damages were not at issue in the Lusk case. Lusk, therefore, does not conflict with, nor limit Mabry. To the extent the Court of Appeals opinion in Broadnax holds otherwise, it is hereby disapproved. City of Atlanta v. Broadnax, supra, 285 Ga. App. 430.

3. Finally, we find no reason to distinguish Mabry from the instant case based on the alleged sophistication of the parties entering into insurance policies covering real property versus those who purchase automobile insurance policies. Although this case involves an insurance contract covering commercial property, a vast number of policies covering real property insure residential property for homeowners – a group far less sophisticated and more closely aligned to the automobile policyholders in Mabry.

4. We adhered in Mabry to the long-standing contract interpretation rule in Georgia that where "[an] insurance policy, drafted by the insurer, promises to pay for the insured's loss; what is lost when physical damage occurs is both utility and value; therefore, the insurer's obligation to pay for the loss includes paying for any lost value." 274 Ga. at 508. We see no reason to limit our holding in Mabry to automobile insurance policies and we thus answer the primary question posed by the Eleventh Circuit Court of Appeals in the affirmative: The Mabry rule applies to the

12

insurance contract at issue in this case.  Accordingly, whether damages for diminution in value are recoverable under Royal Capital's contract depends on the specific language of the contract itself and can be resolved through application of the general rules of contract construction.  See, e.g., NUCO Invs. v. Hartford Fire Ins. Co., supra.

Question answered.  All the Justices concur.