**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and MCMILLIAN, J.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**March 16, 2015**

# In the Court of Appeals of Georgia

A14A1887. DEKALB COUNTY v. HEATH.

PHIPPS, Chief Judge.

In 2011, William Heath, Jr. filed this inverse condemnation action[1] against DeKalb County, alleging that the county was maintaining a continuing nuisance[2] by failing to make needed repairs to its storm water drainage system, which failure had caused flooding and erosion of his property. More specifically, Heath's allegations in this action included claims that the county had constructed a block retaining wall

---

[1] See *Ga. Dept. of Transp. v. Jackson*, 322 Ga. App. 212, 215 (744 SE2d 389) (2013) ("An inverse condemnation claim arises when the governmental entity creates a condition on private property that amounts to a taking without compensation.") (citation and punctuation omitted).

[2] See OCGA § 41-1-1 ("A nuisance is anything that causes hurt, inconvenience, or damage to another and the fact that the act done may otherwise be lawful shall not keep it from being a nuisance....").

along a creek bed on his property, that the county was responsible for maintaining the wall, that the wall was "failing and continues to deteriorate during each rain event," and that the county's failure to maintain the wall was resulting in continuing damage to his property. After a bench trial, the court found in favor of Heath, awarding him $28,830 in damages, which amount represented the cost of repairing the failing retaining wall.

The county appeals, contending that the trial court erred by: (1) holding that the lawsuit was not barred by the doctrine of res judicata, when Heath could have put the issue of the failed retaining wall in a previous lawsuit he had filed against the county; and (2) allowing a double recovery. Finding no error, we affirm.

> When an appeal is taken from a judgment entered following a bench trial, we owe no deference to the way in which the court below resolved questions of law, but we accept its factual findings unless clearly erroneous, and we view the evidence in the light most favorable to the judgment.[3]

---

[3] *Fedina v. Larichev*, 322 Ga. App. 76 (744 SE2d 72) (2013) (footnote omitted).

In 2009, Heath and another plaintiff[4] filed a joint action against the county[5] for inverse condemnation, alleging that the county had created and maintained a continuing nuisance by failing to properly maintain its sewer and storm water drainage system, and that the failure had resulted in flooding and erosion of their properties. That 2009 case ("*Heath I*") was tried by a jury which, in October 2012, awarded Heath $7,000 for the diminished value of his property.[6] The court entered judgment on the verdict that same month.

In March 2011, while *Heath I* was pending, Heath filed the present action against the county. This time Heath alleged, for the first time, that the block retaining wall that the county had constructed on his property in 2007 for the purpose of preventing erosion to his property in connection with the storm water drainage system had been improperly built and maintained; that the retaining wall was failing and continuing to deteriorate each time it rained; and that the system was continuing to damage his property and was causing a hazardous condition thereon. (As stated

[4] The other plaintiff was Heath's neighbor, Uwe Haarhoff.

[5] The plaintiffs also named as a defendant Jefferson at Perimeter, L. P. Neither Haarhoff nor Jefferson at Perimeter, L. P. are parties to the present action.

[6] Haarhoff was also awarded diminution damages.

3

above, in this action the trial court awarded to Heath money damages for the cost of repairing the retaining wall.)

1. The county contends that the trial court erred by ruling that the doctrine of res judicata does not bar the instant action. The county posits that Heath could have amended the complaint in *Heath I* to include damages for the retaining wall failure; by failing to do so, the county contends, Heath is barred from prosecuting this "new action based upon that same set of facts." The county's contention is without merit.

OCGA § 9-12-40 provides:

> A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside.

Further,

> The doctrine of res judicata prevents the re-litigation of all claims which have already been adjudicated, or which could have been adjudicated, between identical parties or their privies *in identical causes of action*. Res judicata prevents a plaintiff from instituting a second complaint against a defendant on a claim that has already been brought, after having previously been adjudged not to be entitled to the recovery sought on that claim. Three prerequisites must be satisfied before res

judicata applies -- (1) identity of the cause of action, (2) identity of the parties or their privies, and (3) previous adjudication on the merits by a court of competent jurisdiction.[7]

"Where the original nuisance to land is of a permanent character, so that the damages inflicted thereby are permanent, a recovery not only may, but must, be had for the entire damages in one action."[8] However,

> [w]here a nuisance is not permanent in its character, but is one which can and should be abated by the person erecting or maintaining it, every continuance of the nuisance is a fresh nuisance for which a fresh action will lie. . . .In the case of nuisances which are transient rather than permanent in their character, the continuance of the injurious acts is considered a new nuisance, for which a fresh action will lie; and, although the original cause of action is barred, damages may be recovered for the continuance of the nuisance.[9]

---

[7] *Waldroup v. Greene County Hosp. Auth.*, 265 Ga. 864, 865-866 (1) (463 SE2d 5) (1995) (footnotes omitted, emphasis supplied).

[8] *Shaheen v. G & G Corp.*, 230 Ga. 646, 648 (2) (198 SE2d 853) (1973) (citation and punctuation omitted).

[9] Id. (citation and punctuation omitted).

5

Where subsequent damage is alleged by the continuance of the injurious acts, res judicata does not necessarily bar a new action.[10]

Here, the causes of action in the two lawsuits were not identical. Although based on some of the same facts, *Heath I* concerned the diminished value of Heath's property due to flooding and erosion (and resulted in a damage award therefor), which diminution resulted from the county's failure to maintain its storm water drainage system. The present lawsuit dealt with the ongoing and increasing damage resulting - with each rainfall - from the county's failure to maintain its storm water drainage system, including the deteriorating retaining wall. It is undisputed that the wall had not failed at the time *Heath I* was filed; the county concedes in its brief that "the failure of the wall due to [the county's] improper maintenance occurred after the first case was filed." And, in connection therewith, in this case Heath sought damages for the cost of repairing the wall to prevent further damage to his property, not diminution damages. Inasmuch as the two actions did not share identical causes of

---

[10] See *Dunn v. Payne*, 205 Ga. App. 440, 441 (1) (422 SE2d 291) (1992).

action, and the present action involved a fresh nuisance for which a fresh action would lie, the court correctly rejected the county's res judicata argument.[11]

The county contends that "the first case could have been amended (or more properly, supplemented) . . . to include any separate damages, if there were any, from the failure of the retaining wall." As discussed above, "every continuance of the nuisance is a fresh nuisance for which a fresh action will lie."[12] A new cause of action stemmed from the failure of the wall - which failure occurred well after *Heath I* was filed; when this action was filed, the nuisance had not been abated and the damage to Heath's property was continuing and increasing. Under the circumstances, Heath was not required to amend the complaint in *Heath I* to include the new cause of action, and the doctrine of res judicata does not apply.[13]

2. The county contends that the court erred by allowing a double recovery, in that Heath had already recovered damages in the first trial for the diminution in value

---

[11] See *Lawson v. Watkins*, 261 Ga. 147, 148-149 (1) (401 SE2d 719) (1991); *Shaheen*, supra.

[12] *City of Gainesville v. Waters*, 258 Ga. App. 555, 558 (3) (574 SE2d 638) (2002).

[13] See generally *Waldroup*, supra (for res judicata to apply, there must be identity of the cause of action).

of his property, which property included the retaining wall. However, as discussed above, the court awarded damages in the present action for the cost of repairing the failing retaining wall that the county had constructed, not for the depreciation in value of Heath's property (as was the basis for the damage award in *Heath I*). Accordingly, there was no double recovery.[14]

*Judgment affirmed. Ellington, P. J., and McMillian, J., concur.*

---

[14] See *Ga. Northeastern R. R. v. Lusk*, 277 Ga. 245, 246-247 (1) (2) (587 SE2d 643) (2003) ("[A] plaintiff is not entitled to an award of both the diminution in market value and costs to restore for the same injury occasioned by the same trespass and nuisance"; Court recognized that plaintiff could recover both diminution damages and costs of repairs to prevent further deterioration and damage to property as a result of the nuisance).