**THIRD DIVISION**
**MILLER, P. J.,**
**MCFADDEN, P. J., and MCMILLIAN, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 9, 2017**

# In the Court of Appeals of Georgia

A16A2201. CITY OF STONE MOUNTAIN v. BLACK et al.

MCFADDEN, Presiding Judge.

We granted the city of Stone Mountain's application for interlocutory appeal in this nuisance action to address a damages issue. The plaintiffs seek damages for the diminution in value of their house resulting from the stigma of it having been flooded by a nuisance allegedly caused by the city. The city argues that the plaintiffs cannot recover stigma damages because damages for a diminution in value are available only in cases involving permanent nuisances while this case involves an abatable nuisance. We disagree and so affirm the trial court's denial of the city's motion for summary judgment on the issue.

To prevail on a motion for summary judgment, the moving party must demonstrate that there is no genuine issue of material fact, and that the undisputed facts warrant judgment as a matter of law. The grant of

a motion for summary judgment is reviewed de novo, and the evidence and all reasonable inferences drawn therefrom must be viewed in the light most favorable to the nonmovant.

*De Castro v. Durrell*, 295 Ga. App. 194, 195 (671 SE2d 244) (2008) (citations omitted). The facts relevant to this appeal are largely undisputed. William and Pamela Black sued the city of Stone Mountain, alleging that its failure to maintain the sewer and storm water drainage system resulted in flooding of the Blacks' house. They sought damages for, among other things, the loss of rental value for the repetitive flooding while living in their house, the cost of repairing their house's foundation, and the diminution in value from the stigma that still exists even though the repairs have been completed. The city moved for summary judgment on the Blacks' claim for damages for diminution in value from stigma. The trial court denied the motion, and after we granted the city's application for interlocutory appeal, this appeal followed.

The city argues that a plaintiff may recover damages for the diminution in a property's fair market value only in permanent nuisance cases; that in abatable nuisance cases, a plaintiff may recover lost rental value plus actual damages; and that

claims for lost rental value and diminution in fair market value are mutually exclusive.

But although an injured party "cannot recover twice for the same injury," *Toyo Tire North American Mfg. v. Davis*, 299 Ga. 155, 163 (3) (787 SE2d 171) (2016) (citations omitted), an award of damages in cases involving real property "is intended to place an injured party, as nearly as possible, in the same position it would have been if the injury had never occurred." *Royal Capital Dev., LLC v. Maryland Cas. Co.*, 291 Ga. 262, 264 (1) (728 SE2d 234) (2012). Our courts have "long considered diminution in value to be an element in determining the proper measure of damages to real property." *Royal Capital*, 291 Ga. at 264-265 (1). This is because "recognition of diminution in value as an element of loss to be recovered on the same basis as other elements of loss merely reflects economic reality." Id. at 264 (1) (citation and punctuation omitted).

Our Supreme Court has implied that stigma damages are available in abatable nuisance cases. In *Royal Capital*, that court disapproved our decision in *City of Atlanta v. Broadnax*, 285 Ga. App. 430, 438 (4) (646 SE2d 279) (2007) — an abatable nuisance case involving flooding — to the extent we held that the plaintiffs were not entitled to recover damages for both the diminution in the value of their

3

property due to stigma and the costs of repair. *Royal Capital*, 291 Ga. at 265-266 (2). The Supreme Court held that Georgia law does not "preclude[] a diminution in value award in addition to restoration and repair costs where the repair does not fully restore the property to its pre-damage value" nor does it provide per se that "stigma damages to property would constitute an impermissible double recovery." Id. at 266 (2) (punctuation omitted). The Supreme Court did not expressly address the fact that *Broadnax* was an abatable nuisance case, but that fact was unimportant in the context of the primary holding that spoke generally to the measure of damages in cases involving real property. See id. at 263.

Here, the city argues that an award of both diminution-in-rental-value damages — as opposed to the cost-of-repair damages at issue in *Broadnax* — and stigma damages would amount to a double recovery. So the question is whether these categories of damages seek to compensate the same injury. See *Toyo Tire*, 299 Ga. at 164-165 (3). "[T]he diminution in a property's rental value is a way to measure the discomforts to which its use has been subjected during [the] period [the nuisance continues]." *Toyo Tire*, 299 Ga. at 164 (3) (citation and punctuation omitted). Diminution-in-value stigma damages seek to compensate the injured party for the loss in value when "the repair does not fully restore the property to its pre-damage value."

4

*Royal Capital*, 291 Ga. at 266 (2). Such damages are available when, "notwithstanding remedial measures undertaken by the injured party, there remains a diminution in value of the property, and an award of only the costs of remedying the defects will not fully compensate the injured party." Id. at 265 (1) (citation omitted). The two categories of damages compensate different injuries.

In the instant case, "the alleged discomfort and annoyance experienced by the" Blacks — represented by damages for diminution in the property's rental value — "and the alleged diminution in their property's fair market value" — represented by stigma damages — "are two separate injuries that cannot be fixed by one recovery." *Toyo Tire*, 299 Ga. at 164-165 (3). See also *Swift v. Broyles*, 115 Ga. 885, 887-890 (42 SE 277) (1902) (explaining that the plaintiff could recover for all permanent injuries to his estate and for past discomfort and annoyance caused by the nuisance but could not recover both for "the diminution of rental value of the premises during a time when they were occupied by plaintiff himself" and for "the physical discomforts and pain of plaintiff and his family during the same period").

The city cites *City of Warner Robins v. Holt*, 220 Ga. App. 794 (470 SE2d 238) (1996) for a blanket prohibition on the award of damages for both loss of rental value and loss of fair market value. But *Holt* simply stands for the proposition that a

5

plaintiff cannot recover damages for both an abatable nuisance and a permanent nuisance. Id. at 796-797 (2). And *Holt* is distinguishable because stigma damages were not at issue there.

For these reasons, we affirm the trial court's denial of the city's motion for summary judgment on the Blacks' claim for stigma damages.

*Judgment affirmed. Miller, P. J., and McMillian, J., concur*.