# Court of Appeals
# of the State of Georgia

ATLANTA,  March 03, 2022

*The Court of Appeals hereby passes the following order:*

**A22A0869.  WASEEM DAKER v. THE STATE.**

Waseem Daker appeals from the denial of his motion for acquittal and discharge based on constitutional speedy trial violation and motion for acquittal and discharge as a matter of law. We, however, lack jurisdiction.

Daker is presently serving a life sentence plus 47 years in confinement following convictions for murder and other offenses.[1] In 2017, he was arrested and later indicted on two counts of felony obstruction of an officer following an incident in the prison barbershop. Eventually, the State sought and the trial court ordered entry of nolle prosequi on those charges. In two separate cases, Daker appealed entry of the nolle prosequi and various other rulings.[2] We affirmed. See Case Nos. A21A0047, A21A0113 (Mar. 31, 2021).

We noted that the majority of Daker's pro se filings in the trial court were a nullity because he was represented by counsel at the time he filed them. The only

---

[1] See *Daker v. State*, 300 Ga. 74, 74 n. 1 (792 SE2d 382) (2016).

[2] We dismissed Daker's earlier attempt to appeal from the order of nolle prosequi and the grant of a motion to quash, on the ground that he could not appeal pro se while represented by counsel. See Case Nos. A19A2121, A19A2362 (Dec. 3, 2019). The trial court then granted Daker's motions to proceed pro se and for an out-of-time appeal.

filing Daker had been authorized to file pro se in the trial court prior to the entry of the nolle prosequi relevant to the issues he raised in the appeal was his August 23, 2017 "Constitutional Demand for Speedy Trial." However, we further determined that Daker's contention that the trial court erred by entering the nolle prosequi while his demand for a constitutional speedy trial was still pending was without merit because his counsel never moved for discharge and acquittal based on the constitutional speedy trial demand. Finally, we concluded that, given that Daker had no proper motions pending at the time of the nolle prosequi, he could show no harm by the trial court in failing to address them prior to entering the nolle prosequi order. Thus, Daker's challenges to the nolle prosequi order were without merit.

Back in the trial court, Daker filed a motion for acquittal and discharge based on constitutional speedy trial violation and a motion for acquittal and discharge as a matter of law. The trial court dismissed the motions, finding that, under the law of the case doctrine, it could not consider the issues because this Court had affirmed the entry of the nolle prosequi. Daker now appeals from this dismissal. We, however, lack jurisdiction.

Daker's current appeal is barred because the issues he raises have or could have been litigated in his prior appeal. See *Echols v. State*, 243 Ga. App. 775, 776 (534 SE2d 464) (2000) ("It is axiomatic that the same issue cannot be relitigated ad infinitum. The same is true of appeals of the same issue on the same grounds.") (punctuation omitted); *Jackson v. State*, 273 Ga. 320, 320 (540 SE2d 612) (2001) (a party "is not entitled to another bite at the apple by way of a second appeal"); *DeKalb County v. Heath*, 331 Ga. App. 179, 181 (1) (770 SE2d 269) (2015) ("[T]he doctrine

of res judicata prevents the re-litigation of all claims which have already been adjudicated, or which could have been adjudicated, between identical parties or their privies in identical causes of action.") (punctuation and emphasis omitted).

Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
      *Clerk's Office, Atlanta,  03/03/2022*

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*