# Court of Appeals
# of the State of Georgia

ATLANTA,  January 18, 2024

*The Court of Appeals hereby passes the following order:*

**A24A0681. ARTHUR BUSSEY v. THE STATE.**
**A24A0684. ARTHUR BUSSEY v. THE STATE.**

In 2015, Arthur Shermaine Bussey was charged with two counts of aggravated assault. Count 1 alleged that Bussey stabbed the victim in the chest, and Count 2 alleged that he stabbed the victim in the back. Bussey pled guilty to both counts and received a total sentence of 30 years, to serve 20 in confinement. In 2020, Bussey filed a "Motion to Challenge Constitutionality of the Indictment," arguing that the two counts should have merged. The trial court interpreted the motion as one to vacate a void sentence and denied it. Bussey appealed, and this Court dismissed the appeal. See Case No. A20A1978 (dismissed Aug. 24, 2020). We explained in our dismissal order that Bussey's merger argument was a challenge to a conviction rather than a sentence. Thus, the argument did not constitute a valid void-sentence claim, and the appeal was subject to dismissal. See *Williams v. State*, 287 Ga. 192, 193-194 (695 SE2d 244) (2010); *Frazier v. State*, 302 Ga. App. 346, 348-349 (691 SE2d 247) (2010).

Bussey then filed in the trial court the underlying two motions, one seeking the criminal histories of the State's witnesses, and the second seeking to set aside a void judgment, again arguing that the charges should have merged. The trial court dismissed both motions, noting that the criminal histories of the State's witnesses were available to Bussey through the statutory mechanism of OCGA § 35-3-34, and finding that Bussey was not entitled to challenge the judgment on the ground that it was void. Bussey now appeals from these two dismissals. We lack jurisdiction.

Bussey's merger argument is a challenge to a conviction rather than a sentence,

and thus does not constitute a valid void-sentence claim. See *Williams*, 287 Ga. at 193-194. Moreover, these appeals are barred because the issues he raises have or could have been litigated in his prior appeal. See *Echols v. State*, 243 Ga. App. 775, 776 (534 SE2d 464) (2000) ("It is axiomatic that the same issue cannot be relitigated ad infinitum. The same is true of appeals of the same issue on the same grounds.") (punctuation omitted); *Jackson v. State*, 273 Ga. 320, 320 (540 SE2d 612) (2001) (a party "is not entitled to another bite at the apple by way of a second appeal"); *DeKalb County v. Heath*, 331 Ga. App. 179, 181 (1) (770 SE2d 269) (2015) ("[T]he doctrine of res judicata prevents the re-litigation of all claims which have already been adjudicated, or which could have been adjudicated, between identical parties or their privies in identical causes of action.") (punctuation and emphasis omitted).

Accordingly, these appeals are hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*   01/18/2024

　　　　*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

　　　　*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____Stephen E. Castlen_____ , *Clerk.*